RUSSELL FERKEL, Plaintiff-Appellant, *v.* RANDY FERKEL, Defendant-Appellee.

Third District   No. 77-343

Opinion filed January 13, 1978.

Sidney S. Deutsch, of Rock Island, for appellant.

Franklin Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

A forcible entry and detainer action was commenced in the circuit court of Rock Island County on May 16, 1977, by the plaintiff, Russell Ferkel, against defendant, Randy Ferkel, to recover a portion of a single-family dwelling located in the city of Rock Island. The court entered judgment for defendant and plaintiff appealed.

The property in question is the marital home of the plaintiff and his wife, Betty Ferkel, both of whom reside there. Though not all together clear from the record, it appears plaintiff is the sole owner of the property. Defendant is the 23-year-old emancipated son of the plaintiff and is employed as a journeyman carpenter earning $390 per week. Defendant has been residing at the Ferkel residence without rent at the request of his mother. Prior to May 1, 1977, plaintiff sent defendant a written five-day notice which informed defendant that he would be required to pay $150 per month for the continued occupancy of a portion of the Ferkel residence. Defendant refused to pay anything, claiming he was in the house at the invitation of his mother. Betty Ferkel claims that without the protection afforded her by her son's presence in the home, she would receive physical injury from her husband. Divorce proceedings between plaintiff and his wife are currently pending. When defendant refused to pay the amount plaintiff claimed as rent, the present forcible entry and detainer action was begun.

This is the second forcible entry and detainer action which plaintiff has instituted against defendant for possession of a portion of the Ferkel residence. The first action was filed on August 9, 1975, when defendant was 21 years of age. In his answer to the 1975 action defendant asserted that the property was the marital residence of plaintiff and his mother and that his mother desired that he live there. In the judgment order and opinion entered in the 1975 action, the trial court found, *inter alia*, that under the law of Illinois a wife has a right of shelter as against her husband, that this right gave the wife a possessory interest in the premises of the marital home and that if the wife wanted her son on the premises, she had a right to have him there. No appeal was ever taken from that order. Plaintiff contends in the present action that a father has a right to charge rent for the use and occupancy of a portion of his home to an

emancipated 23-year-old child earning $390 per week. Defendant's argument to this court and the court below claims that res judicata or collateral estoppel bars plaintiff from successfully pursuing his complaint for forcible entry and detainer.

██ The doctrine of collateral estoppel precludes parties and/or their privies from relitigating facts in a subsequent action which were specifically litigated and determined in a prior action. The doctrine applies although the cause of action may be different. (*Hinkle v. Tri-State Transit, Inc.*, 21 Ill. App. 3d 134, 315 N.E.2d 289.) *Hoffman v. Hoffman*, 330 Ill. 413, 418, 161 N.E. 723, 726, describes collateral estoppel or estoppel by verdict thusly:

> "To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so an issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact." (*Accord, Lange v. Coca-Cola Bottling Co.*, 44 Ill. 2d 73, 254 N.E.2d 467.)

Collateral estoppel provides a balance between two policy considerations, to wit: affording a litigant his day in court and preventing repetitious litigation of what is essentially the same dispute. (*Chas. Ind Co. v. Cecil B. Wood, Inc.*, 56 Ill. App. 2d 30, 205 N.E.2d 786.) Within these rules and policy considerations we must determine if the doctrine of collateral estoppel is applicable. We believe that it is.

██ When the trial court found for the defendant in the prior action, it expressly found that Betty Ferkel's interest in the marital domicile gave her the right to have her son reside there with her if she so chose. Nothing has occurred which would change or defeat such a right. The prior forcible entry and detainer action was based on a theory that defendant was a trespasser whereas the instant action is presented in terms of nonpayment of rent. While the two actions appear to be based on different theories, in either case, the question to be resolved is the same: does defendant have a right to possession. The trial court in the 1975 action answered in the affirmative. Since defendant has an adjudicated right to possession, we think plaintiff is barred by collateral estoppel from successfully pursing his present complaint for forcible entry and detainer.

In response to defendant's claims of collateral estoppel, plaintiff argues that because a claim for rent was made in the present action and not in the

prior one, collateral estoppel cannot apply. We do not agree. If it has been adjudicated that defendant has a right to possession without any claim for payment of rent, then *a fortiori*, defendant has a right to possession when rent is demanded.

It is important to recognize that we do not decide today the propriety of the ruling made by the trial court in the 1975 action, but decide only that plaintiff cannot relitigate the issue of defendant's right to possession. Having resolved the issue of collateral estoppel in defendant's favor, it is unnecessary to reach any other issues presented for review.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.