EVELYN L. VARLEY et al., Plaintiffs-Appellants, v. KENNETH S. PICKENS et al., Defendants-Appellees.

Third District    No. 80-559

Opinion filed August 5, 1981.

David L. Cover, of Peoria, for appellants.

Raymond J. Fraser, of Bartley, Fraser, Parkhurst, Hession & Renner, of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs Evelyn L. Varley, Carl J. Varley, and Peter F. M. Prillinger filed a complaint for declaratory judgment against defendants Kenneth E.

Pickens; Jarvis, Deloach, and Jobst; and the city of Peoria alleging that a zoning ordinance and variance permit were arbitrary, unreasonable, and bore no relationship to the public health and welfare. Defendant Pickens, the only defendant involved on appeal, filed a motion for involuntary dismissal and the circuit court of Peoria County dismissed the action as barred by a prior judgment.

Prior to 1964, the subject property, a 3.385-acre tract surrounded by public park land, was zoned an "R-1, Low Density Residential District." In February 1964, the Peoria City Council rezoned the property to an "R-3, High Density Residential District." (Peoria, Ill., Ordinance 7789 (Feb. 25, 1964).) Two months later, the Zoning Board of Appeals granted a building-height variance permitting the erection of a 150-foot apartment building. In January 1973, the council again rezoned the property, returning it to an R-1 configuration. Peoria, Ill., Ordinance 9230 (Jan. 16, 1973).

The latter action of the council prompted the then owner land trust to challenge the rezoning of the property by means of a declaratory judgment action against the city of Peoria. The circuit court of Peoria County held that the council had exceeded its powers to regulate the use and development of land, as the land trust had incurred a substantial change in position. (Commercial National Bank of Peoria, Trustee, v. Peoria, No. 73-Z-289, Cir. Ct. Peoria County, filed Dec. 11, 1974.) The court's decision was never appealed, and the property's zoning configuration reverted to R-3.

On April 20, 1979, defendant Pickens (hereinafter defendant) purchased the premises and certain adjacent properties from the land trust and commenced work on the development of a condominium apartment building. Prior to the filing of this action, he had incurred developmental expenses of approximately $175,000 in addition to the premises' $230,000 purchase price.

After the filing of plaintiffs' complaint, defendant moved for involuntary dismissal pursuant to sections 48 (1)(d) and 48 (1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 48 (1)(d), 48 (1)(i)). The trial court held that the 1974 judgment was *res judicata* to the issues raised and barred the action. The court found the issue of detrimental reliance to be premature. On appeal, plaintiffs question the application of *res judicata*, and the defendant argues additionally that the doctrine of detrimental reliance offers additional support for the action of the trial court.

■■■ Turning to the first issue, the doctrine of *res judicata* is divisible into the doctrines of estoppel by judgment and estoppel by verdict or collateral estoppel (*e.g., C.I.S., Inc. v. Kann* (1979), 76 Ill. App. 3d 109, 394 N.E.2d 916; *Hassett Storage Warehouse, Inc. v. Board of Election*

Commissioners (1979), 69 Ill. App. 3d 972, 387 N.E.2d 785; *Katz v. Berkos* (1942), 316 Ill. App. 569, 45 N.E.2d 566, *appeal denied*; see also 23A Ill. L & Prac. *Judgments* §281 (1979); 46 Am. Jur. 2d *Judgments* §397 (1969)). The term *"res judicata"* is sometimes used to refer exclusively to estoppel by judgment. (*People v. Bone* (1980), 82 Ill. 2d 282, 412 N.E.2d 444.) For such estoppel by judgment to occur, there must be, as between the two actions, identity of parties, subject matter, and cause of action. (*Ray Schools-Chicago-Inc. v. Cummins* (1957), 12 Ill. 2d 376, 146 N.E.2d 42.) Estoppel by verdict concludes only those matters in issue or points controverted upon the determination of which the finding or verdict was rendered (*People v. Bone*); however, identity of cause of action is not required (*Healea v. Verne* (1931), 343 Ill. 325, 175 N.E. 562).

As the presence of identical causes of action determines the doctrine to be applied, we begin with a consideration of this issue. While the term "cause of action" has no all-embracing definition (see 1 Am. Jur. 2d *Actions* §1 (1962)), the following has been used for our purposes herein:

"A cause of action consists of the right belonging to the plaintiff for some wrongful act or omission done by the defendant by which that right has been violated; the thing done or omitted to be done which confers the right upon the other to sue—that is, the act or wrong of the defendant against the plaintiff which caused a grievance for which the law gives a remedy. [Citations.] A cause of action includes every fact necessary for the plaintiff or the complainant to prove to entitle him to succeed and every fact which the defendant would have a right to traverse; the right to prosecute an action with effect. [Citations.]" *City of Elmhurst v. Kegerreis* (1945), 393 Ill. 195, 205-06, 64 N.E.2d 450, 454.

■■ The right averred by the plaintiff land trust in the prior cause was that it was entitled to have the matter initially determined by the city zoning commission. The wrongful act or omission was the Council summarily rolling back the zoning configuration from R-3 to R-1 without this administrative determination. The right averred by plaintiffs in this cause is that they are entitled to have the subject zoning ordinance be unarbitrary, reasonable, and bear a relationship to the public health and welfare. The wrongful act or omission is that the R-3 configuration and the variance, insofar as they apply to plaintiffs' personal and property rights, fail to meet the above criteria and are constitutionally violative. The facts necessary to maintain the prior procedural attack on the roll back necessarily differ somewhat from those necessary to the instant substantive and constitutional challenge to the R-3 zoning and variance themselves. Under these circumstances, we cannot say the two causes of action are identical.

While the absence of identical causes precludes the application of the

doctrine of estoppel by judgment, the doctrine of estoppel by verdict may be applicable if, as between the two actions, there is identity of subject matter and parties. As the subject matter of both actions is the zoning configuration of the same tract, we shall proceed to the question of whether the parties are identical.

Obviously, the parties are not nominally identical. In the prior action the plaintiff was Commercial National Bank of Peoria, as trustee, and the defendant was the city of Peoria. Two issues thus arise.

■■ The first is whether defendant is in privity with Commercial National Bank of Peoria, as trustee. This issue arises as the doctrine of *res judicata* affects the rights of both the parties to a prior action and those of their privies as well. *E.g., Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217

■■ While there is no generally prevailing definition of privity which can automatically be applied to all cases (see 23A Ill. L. & Prac. *Judgments* §390 (1979); 46 Am. Jur. 2d *Judgments* §532 (1969)), the concept contemplates a mutual and successive relationship to the same property rights which were the subject of the prior litigation (*Sweeting v. Campbell* (1954), 2 Ill. 2d 491, 119 N.E.2d 237). One manner in which privity arises is by purchasing a property. As explained by the court in *Schafer v. Robillard* (1938), 370 Ill. 92, 99-100, 17 N.E.2d 963, 967:

> "[I]t is only parties and their privies, in blood or estate, that are estopped by a decree or judgment. Parties to a decree, in the eye of the law, are those, only, who are named as such in the record, and are property served with process or enter their appearance. A privy in blood or estate is one who derives title to the property in question by descent or purchase. A privy to a judgment or decree is one whose succession to the rights of property thereby affected occurred after the institution of the particular suit, and from a party thereto. (*Orthwein v. Thomas*, 127 Ill. 554; Freeman on Judgments, 3d ed. sec. 162; 34 Corpus Juris, 'judgments,' 974.)"

The judgment in the prior action was entered in 1974. Defendant purchased the property from the land trust in 1979 and is therefore its privy.

■■ The second issue which arises from the lack of nominal identity is whether plaintiffs are bound by the prior decision. The guiding principle was stated in *Indiana Harbor Belt R.R. Co. v. Calumet City* (1945), 391 Ill. 280, 287-88, 63 N.E.2d 369, 372-73:

> "The rule is well settled that when a judgment is rendered against a city in the corporate name, such judgment, in the absence of fraud or collusion, is binding upon the taxpayers of the city. This is founded on the principle that their interest in defeating the judgment is the same as the city and that, through the city, they

have a representative authorized and capable to speak for them and to protect their interest against the demands of the third party. [Citations.] It is considered that every taxpayer is a real, though not a nominal, party to such a judgment. [Citations.]

As taxpayers of Peoria, plaintiffs are thus bound by the 1974 decision. Identity of parties is therefore here present.

As there is identity of subject matter and parties, we turn to the modified judgment order of the prior decision to establish what issues were there decided. The order provides, *inter alia*:

"That measured by applicable standards of reasonableness, the decision of the City Council of the City of Peoria, Illinois to re-zone the property in question from Class R-3 High Density Residential District to Class R-1 Low Density Residential District and to adopt Ordinance No. 9230 exceeded its power to regulate the use and development of land within its jurisdiction for the reason that the Plaintiff, relying in good faith on the zoning classification of said property and upon the then existing variance as to the permitted height of a structure on said property, incurred a substantial change of position, and said Plaintiff acquired a vested property right in having said property zoned Class R-3 High Density Residential District and the adoption of the Ordinance No. 9230 invaded the property rights of the Plaintiff."

Under the doctrine of estoppel by verdict, the litigants herein are bound by the court's finding that a vested property right was acquired as a result of the substantial change of position made in reliance on the existing zoning configuration. This being the case, the affirmative matter defeating the claim of plaintiffs was established in the 1974 decision and bars the instant action. Under these circumstances, we need not reach the question of whether the trial court's ruling that defendant's identical argument based on his own change in position is premature.

Accordingly, the order of the circuit court of Peoria County dismissing the complaint is affirmed.

. Affirmed.

SCOTT, P. J., and BARRY, J., concur.