*In re* MARRIAGE OF RUSSELL A. FIRESTONE, JR., Petitioner-Appellant, and JANE WHITE FIRESTONE, a/k/a Jane White Firestone Crosby, Respondent-Appellee.

Second District   No. 2—86—0973

Opinion filed July 28, 1987.

John H. Anderson and Daniel J. Voelker, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Wayne B. Flanigan, of Kuseski, Flanigan & Associates, of Waukegan, for appellee.

JUSTICE NASH delivered the opinion of the court:

Russell A. Firestone, Jr. (husband), appeals from a judgment of the circuit court of Lake County which dismissed, pursuant to section 2—619(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(4)), his petition to register a foreign judgment and enforce a settlement agreement made with his former spouse, Jane White Firestone (wife).

On June 22, 1982, a judgment was entered in the Fayette County circuit court in Lexington, Kentucky, which dissolved the marriage of these parties. The decree stated that a settlement agreement dictated into the court record by the husband's attorney was approved by the court, subject to the further division of the marital personal property and the payment of monies referred to in the agreement. That agreement provided that the husband would pay the wife $400,000, would pay certain marital debts which were to be identified later, and would pay the wife's attorney fees, moving expenses, and the court costs. The wife was to receive $2,500 each month as maintenance until her death or remarriage and the parties would each keep their own nonmarital property and 50% of the marital property. It was agreed that the parties would later determine whether specific property was marital or nonmarital.

In January and November 1984, the wife brought two actions against the husband in the court of common pleas in Cuyahoga County, Ohio, in which she sought to enforce her rights to certain monies pursuant to the decree of dissolution entered in Kentucky. The husband responded with an answer and counterclaim. In his counterclaim the husband alleged that the wife had failed to return "certain valuable marital and non-marital property including certain priceless Firestone family heirlooms" which belonged to the husband, and that the wife's failure to return this personal property violated the oral property settlement agreement entered in the Kentucky dissolution

proceeding. The husband sought specific performance of the property settlement agreement and consequential damages resulting from the wife's alleged wrongful conversion of his personal property.

On August 27, 1985, the decree of dissolution was made a final judgment in the Kentucky court. Incorporated by reference in the final judgment was a written settlement agreement entered into between the parties in April 1985, which stated that it constituted a full and final settlement of all claims between the parties, including the Ohio actions. The settlement agreement provided that the husband would pay the wife $272,500 and also contained a listing of furniture and art objects, indicating who owned each object. The agreement stated that the wife had in her possession two paintings, two Oriental rugs, and an Oriental pot which belonged to the husband, which she agreed to return, and that the wife "warrants and represents that she has none of the other items identified on the list as belonging to Mr. Firestone excepting those five items." The agreement further provided that the wife would return eight Chippendale chairs to the husband.

On May 3, 1985, the husband and wife agreed to a stipulated judgment order which incorporated by reference the written settlement agreement entered into in Kentucky and settled the Ohio litigation. The order dismissed the wife's claims in that action against the husband with prejudice, and also dismissed the husband's counterclaim against her.

On September 12, 1985, the husband filed a petition to register foreign judgment and to enforce settlement agreement in the circuit court of Cook County pursuant to section 12—601 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 12—601.) The cause was subsequently transferred by agreement to the circuit court of Lake County, where the wife resided.

In his petition to register foreign judgment and enforce settlement agreement the husband requested that the circuit court of Lake County register the August 27, 1985, final dissolution judgment entered in Kentucky and enforce the terms of the written settlement agreement. The petition's prayer for relief asked that the court order the wife to turn over those items of personal property which, in accordance with the written property settlement, belonged to the husband. The wife filed a motion for involuntary dismissal of the husband's petition pursuant to section 2—619(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(4)) in which she alleged that the husband was barred from relitigating a claim that the wife was in possession of any of his personal property which she had

not specifically acknowledged possessing in the written settlement agreement, because of the dismissal with prejudice of the husband's counterclaim in the Ohio litigation.

The circuit court of Lake County denied the wife's motion for dismissal as to the five items of personal property and eight Chippendale chairs specifically mentioned in the written settlement agreement, which the wife admitted were in her possession, but granted the wife's motion for dismissal as to any other property. The court found that "precisely the same issues between the parties were settled, and dismissed with prejudice" in the prior litigation. After the wife delivered the five items of personal property and eight Chippendale chairs to the husband, the trial court granted the wife's petition to dismiss the husband's cause of action and entered its final order.

In this court, the husband contends that the relief he sought in Illinois was not barred by the dismissal of his counterclaim in Ohio. The wife argues that the dismissal of the husband's counterclaim with prejudice in Ohio bars him from relitigating the issue of whether she retained any of his personal property under both the doctrine of *res judicata* and collateral estoppel.

The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent litigation between the same parties or their privies on matters found to be part of the same cause of action before the same or a different tribunal. (*In re Marriage of Donnellan* (1980), 90 Ill. App. 3d 1032, 1035, 424 N.E.2d 167.) The elements of *res judicata* are identity of parties, subject matter, and cause of action. (*Palya v. Palya* (1980), 87 Ill. App. 3d 472, 474, 409 N.E.2d 133.) *Res judicata* will bar relitigation of any issue or claim that was raised or could have been raised in the previous case. (*Olson v. Olson* (1983), 114 Ill. App. 3d 28, 30, 448 N.E.2d 229.) The rationale for the doctrine of *res judicata* is that practical necessity dictates that there should be an end to litigation, that parties should be protected from harassment, and that the public should be protected from multiple litigation. *In re Marriage of Donnellan* (1980), 90 Ill. App. 3d 1032, 1035, 414 N.E.2d 167.

In our view, *res judicata* does not apply in the present case. An essential element of *res judicata* is that there be an identity of causes of action, meaning an identity of the facts essential to the maintenance of the action; the facts and relief sought in both actions must be substantially the same. (*In re Marriage of Wardell* (1986), 149 Ill. App. 3d 537, 543, 500 N.E.2d 960.) There is no common set of operative facts in this case. Here, the husband's counterclaim in Ohio

was based upon an oral settlement agreement which would have required the Ohio court to make a determination regarding the ownership of marital and nonmarital property of the parties. However, the ownership issue was settled by the husband and wife in their subsequent written settlement agreement in which they made specific allocations between them of the personal property. The husband's action in Illinois merely sought to enforce the written settlement agreement and the issue raised was the location and right to possession of personal property which both parties agreed belonged to the husband. Although the relief sought in both the husband's counterclaim in Ohio and his petition in Illinois was similar, the actions were factually different and did not constitute the same cause of action. The husband's counterclaim in Ohio was based upon an oral agreement, while the Illinois action is premised upon the written settlement agreement which constituted a separate and distinct agreement. Both actions involved different issues as the Ohio litigation necessarily concerned ownership of property, while the Illinois action concerned possession of personal property which the parties agreed belonged to the husband.

Although we recognize that where the causes of action are the same an order dismissing a proceeding with prejudice will preclude subsequent litigation (*Pick v. Pick* (1978), 58 Ill. App. 3d 357, 374 N.E.2d 689), we cannot say that the same cause of action was presented by the husband in both Ohio and in Illinois. Nor are we persuaded that the fact that the wife warranted and represented that she possessed no other personal property belonging to the husband in the written settlement agreement precludes litigation of the possession issue. The wife's promise that she does not possess the husband's property is not conclusive and the husband should be allowed to present contrary evidence that the wife possesses property which belongs to him. Furthermore, it would work an injustice to allow the wife to keep possession of property which she acknowledges belongs to the husband because of a procedural technicality arising in the multistate litigation pursued by these parties. We conclude that the husband has not had his day in court on the issue.

■■ ■ The wife also suggests that if the doctrine of *res judicata* does not apply then the related doctrine of collateral estoppel is applicable. We do not agree. The doctrine of collateral estoppel or estoppel by verdict applies when a party of someone in privity with that party participates in two cases arising on different causes of action and some controlling fact or issue material to the determination of both causes has been adjudicated against that party in the former case by a court of competent jurisdiction. *Northern Illinois Medical Center v.*

*Home State Bank* (1985), 136 Ill. App. 3d 129, 143, 482 N.E.2d 1085; *Ferkel v. Ferkel* (1978), 56 Ill. App. 3d 584, 586, 371 N.E.2d 1289.) In order to operate as an estoppel the facts sought to be relitigated must have been actually litigated and necessarily decided. (*Gelsomino v. Gorov* (1986), 149 Ill. App. 3d 809, 812, 502 N.E.2d 264; *Cooper v. Cooper* (1978), 59 Ill. App. 3d 457, 462, 375 N.E.2d 925.) The issue of the wife's current possession of the husband's personal property was never actually litigated or decided by a court and the doctrine of collateral estoppel does not apply.

The appellee's motion to strike appellant's amended statement of facts and appendix was taken with the case and is now denied.

For the reasons stated, the judgment of the circuit court of Lake County is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

HOPF and WOODWARD, JJ., concur.