R. CARL BROWN et al., Plaintiffs-Appellees, v. THE COUNTY OF DU PAGE, Defendant-Appellant (Village of Carol Stream, Intervenor-Appellant).

Second District   No. 2—87—0341

Opinion filed April 22, 1988.

James E. Ryan, State's Attorney, of Wheaton (Keith E. Letsche, Assistant State's Attorney, of counsel), for appellant County of Du Page.

Susan L. Kurland and Stewart H. Diamond, both of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellant Village of Carol Stream.

Joseph A. Malek and Kenneth E. Garstka, both of Joseph A. Malek & Associates, of Berwyn, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Defendant-appellant, County of Du Page, and intervenor-appellant, Village of Carol Stream, appeal from a trial court order enjoining the county and the village from denying plaintiffs, R. Carl Brown and Daniel J. Gracious, access to Schmale Road from a parcel of property held in a land trust for the benefit of plaintiffs. The court determined after trial that an order entered by the circuit court in a prior proceeding granting access to Schmale Road from the property was

*res judicata.* On appeal, the county and village contend the court erroneously relied on the doctrine of *res judicata.* We agree and reverse.

The property at issue is an almost triangular-shaped parcel bordered by Main Place to the west, a Wendy's restaurant to the north, Schmale Road to the east and a small triangular parcel to the south, which had previously been dedicated to the county. In 1974, the La Salle National Bank (La Salle) as trustee of a parcel of property, which included the parcel at issue in this case, the land now developed with the Wendy's restaurant, and the dedicated parcel, petitioned to the zoning board of appeals for a rezoning of the property. After reviewing the recommendations of the zoning board of appeals, the Du Page county board enacted an ordinance rezoning the property to B-2 General Retail District, excepting a portion that was zoned B-4 Service District, with the condition that no access be allowed to Schmale Road other than through Thornhill Drive, which is located to the north of the property now occupied by the Wendy's restaurant.

In 1979, La Salle filed a complaint in the circuit court challenging on various constitutional grounds the condition of the ordinance restricting access to Schmale Road. La Salle filed the complaint following the denial of a building permit to a contract purchaser who sought to develop the parcel of property at issue in this case with three fast-food restaurants. On January 23, 1980, after an evidentiary hearing, the circuit court found the portion of the zoning ordinance restricting plaintiffs' ingress and egress to Schmale Road unlawfully invalid and unconstitutional. The court authorized the installation of a right-in/right-out curb-cut onto Schmale Road pursuant to the plans and specifications provided in an exhibit admitted in evidence at the trial. The exhibit depicted a future building with access to Thornhill Drive on the parcel now occupied by Wendy's and the three fast-food restaurants with a right-turn-only entrance and exit onto Schmale Road. The court's ruling was not appealed, nor was the subject parcel developed.

On June 6, 1983, plaintiffs contracted to purchase the subject property. Thereafter, plaintiffs presented a petition to the zoning board of appeals requesting, *inter alia,* a rezoning of the portion of the property zoned B-2 to B-4, or alternatively the granting of a special use within the B-2 district to allow the construction, operation and maintenance of a Firestone Store and Service Center. After reviewing the recommendations of the zoning board of appeals, the county board adopted an ordinance which, *inter alia,* denied the request for rezoning, but granted the request for the special use with

the condition that "no access or road cut from Schmale Road be permitted."

Plaintiffs' third amended complaint alleged the condition of the ordinance denying access to Schmale Road was unconstitutional and the determination of the circuit court in the La Salle case in 1980 was *res judicata* on the issue of curb-cuts to Schmale Road. By an agreed order, the plaintiffs dropped their constitutional claims and stipulated that the sole issue was whether the order entered in the La Salle case was *res judicata.*

In determining that *res judicata* applied, the court concluded: "The order [in the 1979 case] clearly provides that ingress and egress to Schmale Road is to be granted and not merely to a limited use, which uses were uncontested by the County in both this and the prior case." This appeal followed.

■ The doctrine of *res judicata* as formulated in Illinois was thoroughly summarized in *Varley v. Pickens* (1981), 98 Ill. App. 3d 884, as follows:

"[T]he doctrine of *res judicata* is divisible into the doctrines of estoppel by judgment and estoppel by verdict or collateral estoppel [citations]. The term '*res judicata*' is sometimes used to refer exclusively to estoppel by judgment. [Citation.] For such estoppel by judgment to occur, there must be, as between the two actions, identity of parties, subject matter, and cause of action. [Citation.] Estoppel by verdict concludes only those matters in issue or points controverted upon the determination of which the finding or verdict was rendered [citation]; however, identity of cause of action is not required [citation]." (*Varley,* 98 Ill. App. 3d at 885-86.)

The county, joined by the village, contends there was no identity of parties, subject matter or cause of action between the former case and the present case. Plaintiffs contend this cause is governed by the estoppel-by-verdict prong of the *res judicata* doctrine and maintain there was identity of parties and subject matter.

■ In our view, there was no identity of subject matter between the present case and the former case. Therefore, the court erroneously ruled in favor of plaintiffs on *res judicata* grounds. Having so determined, we need not address the identity of parties question or the defendant's remaining arguments.

Contrary to the trial court's interpretation of the scope of the order entered by the circuit court in the 1979 case, we believe the court's order must be viewed in the context of the use requested and the conditions and circumstances existent at that time. We do not be-

lieve the order entered in the 1979 case served to forever permit curb-cuts to Schmale Road from the subject parcel regardless of the use requested and the conditions present in the area at the time of the proposed curb-cut.

A different use engenders different considerations. Access may well be more critical for a fast-food restaurant than a tire store. On the other hand, perhaps a tire store would generate less traffic, thereby reducing the effect on traffic congestion created by an additional curb-cut. These are factual questions best resolved through an evidentiary hearing. The hearing and order in 1979 did not address curb-cut restrictions in the context of a tire store. We do not believe the consideration of curb-cuts in the context of three fast-food restaurants is similar.

■ We recognize both suits concern access to Schmale Road and in that sense are identical. However, the differing uses, together with the passage of time, alter the subject matter of the litigation and defeat the identity of subject matter. We agree with the defendant that the following passage from *La Salle National Bank v. County of Du Page* (1979), 77 Ill. App. 3d 562, is pertinent to the present case:

> "The issue in every zoning case is whether the zoning ordinance is invalid in light of the particular facts. [Citation.] For the former adjudication to be an absolute bar there must be identity of parties, subject matter and causes of action, which is particularly difficult in zoning cases because the facts involved may change over time." (*La Salle National Bank*, 77 Ill. App. 3d at 564-65.)

Here the facts have changed over time. The proposed use is significantly different, and several years have elapsed since the entry of the court order ruling unconstitutional the denial of the curb-cuts. Further, the prior ruling was based on an ordinance rezoning a parcel, which included the subject property. The present cause is predicated on a subsequent ordinance directed only at the subject property and involving the granting of a special use.

The cases relied on by the trial court and plaintiffs in their brief on appeal are inapposite. In *Varley v. Pickens* (1981), 98 Ill. App. 3d 884, there was no dispute over the identity of the subject matter; the dispositive question was the identity of the parties. In *City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, the subject matter of both proceedings was the property owner's right to operate a laboratory in a residential district. Here, different uses are involved. Finally, *Cities Service Oil Co. v. Village of Oak Brook* (1980), 84 Ill. App. 3d 381, involved the court's jurisdiction to enforce compliance with an ordi-

nance containing a use limitation clause. In the present case, we are concerned with access to a roadway in the context of a subsequent ordinance permitting a different use.

Our resolution of the *res judicata* question is not intended to have nor does it have any effect on the constitutionality or validity of the curb-cut condition adopted by the county board. We merely conclude that the particular facts unique to the present case are determinative, not the order entered in 1979.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed.

Reversed.

REINHARD and UNVERZAGT, JJ., concur.