ROBERT KNODLE *et al.*, Plaintiffs and Counterdefendants-Appellants, v. JEANNE M. JEFFREY *et al.*, Defendants and Counterplaintiffs-Appellees.

Second District   No. 2—88—0867

Opinion filed October 16, 1989.

William E. Sisler, of Madden & Sisler, of Freeport, for appellants.

Elmer C. Rudy, of Williams & McCarthy, P.C., of Rockford, for appellee Jeanne M. Jeffrey.

No brief filed for other appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiffs and counterdefendants, Robert and Priscilla Knodle (Knodles), appeal from a judgment of the circuit court of Stephenson County entered in favor of defendant and counterplaintiff, Jeanne M. Jeffrey, finding title to the subject real property to be in Ms. Jeffrey, free of any claims by the Knodles. The Knodles have appealed pursuant to Supreme Court Rule 304(a) (124 Ill. 2d R. 304(a)) from a final judgment as to less than all the parties and/or claims where the trial court entered the requisite written finding that there was no just reason to delay enforcement or appeal.

The Knodles purchased the subject property located in Stephenson County, Illinois, at a sale conducted by the United States Internal Revenue Service (IRS) on May 20, 1982. The subject property had been seized by the IRS from its owners in joint tenancy, William Hill and his ex-wife, Dianna Carlson, f/k/a Dianna Hill, due to their failure to pay a delinquent tax bill. Ms. Jeffrey purchased the subject property in November 1983 from William Hill and Dianna Carlson, and a warranty deed from William Hill and Dianna Carlson to Ms. Jeffrey was recorded on November 17, 1983. The Knodles sued Ms. Jeffrey, among others, to quiet title, gain possession of the subject property and recover rents. Ms. Jeffrey answered, filed affirmative defenses and counterclaimed against the Knodles to quiet title. The Knodles filed answers and affirmative defenses to Ms. Jeffrey's counterclaim. Ms. Jeffrey also sued William Hill and Dianna Carlson for breach of the warranty deed in the event Ms. Jeffrey was determined not to have a clear title to the subject property. The Knodles and Ms. Jeffrey

entered into a stipulation of facts upon which the trial court entered judgment in favor of Ms. Jeffrey and from which the Knodles now appeal. The issue before this court concerns the legal effect of a prior Federal suit to set aside the tax sale due to a lack of notice, filed by Ms. Jeffrey's predecessor in interest, Dianna Carlson. Dianna Carlson dismissed her Federal suit with prejudice on November 21, 1983, only a short time after the subject property was sold to Ms. Jeffrey.

The following facts are contained in the stipulation of facts entered between the Knodles and Ms. Jeffrey. On July 15, 1981, the IRS recorded a lien against the subject real property, owned by William Hill and Dianna Carlson, then known as Dianna Hill, for delinquent taxes alleged to be due for the year 1976. The subject property was seized by the IRS in April of 1982. The property was sold by the IRS at public auction to the Knodles on May 20, 1982. A certificate of the tax sale was recorded on May 28, 1982.

On August 4, 1982, Dianna Carlson, then a resident of the State of Washington, filed suit in the District Court of the United States for the Northern District of Illinois, Western Division (district court), against her ex-husband, William Hill, as well as the Knodles, the United States of America and others in an attempt to obtain a declaration that the tax sale of May 20, 1982, was invalid and for other relief. Dianna Carlson had divorced William Hill on May 14, 1978, and because no property settlement has been effected, Dianna Carlson claimed an interest in the property. In her Federal complaint, Dianna Carlson alleged that the property was sold at auction without notice to her and further that she was not liable for the underlying tax debt. On August 13, 1982, a certificate of release of the Federal tax lien was recorded. On August 20, 1982, a *lis pendens* notice of the Federal suit was recorded. Dianna Carlson sought a preliminary injunction prohibiting the government from issuing a tax deed. The government moved to dismiss the entire action on the grounds that section 7421(a) of the Anti-Injunction Act (26 U.S.C. §7421(a) (1982)) deprived the district court of subject-matter jurisdiction. The government agreed not to issue the tax deed pending the court's ruling on the request for a preliminary injunction. After an evidentiary hearing, the court, finding it had jurisdiction, further found that Dianna Carlson was not given proper notice by the IRS in that written notice was not mailed to her last known address. (See *Reece v. Scoggins* (5th Cir. 1975), 506 F.2d 967.) Finding other factors necessary to the issuance of a preliminary injunction present, the district court on December 30, 1982, entered a preliminary injunction enjoining the Federal government from issuing a tax deed to the Knodles.

The property was sold by William Hill and Dianna Carlson to Ms. Jeffrey and on November 17, 1983, a warranty deed for the subject property to Ms. Jeffrey was recorded. On November 21, 1983, pursuant to a stipulation by the parties to the Federal suit as authorized by Federal Rule of Civil Procedure 41(a)(1)(ii) an order dismissing the Federal suit with prejudice was entered by the district court. On March 28, 1984, a deed to the subject property from the district director of the IRS to the Knodles was recorded. No party has ever redeemed the property within the time provided for under Federal law.

The Knodles filed their complaint in the instant suit in the circuit court of Stephenson County on May 30, 1984. After the Knodles and Ms. Jeffrey entered into the stipulation of facts, both parties filed written briefs, and argument was heard before the court. The Knodles argued that Ms. Jeffrey, as a successor in interest to William Hill and Dianna Carlson after the tax sale and after the certificate of sale had been recorded, was required to redeem the property within 120 days pursuant to section 6337(b) of the Internal Revenue Code (IRC) (26 U.S.C. §6337(b) (1982)) or obtain a judicial determination that the seizure and the sale were invalid or otherwise void and stop the issuance of the tax deed to the purchasers, the Knodles. Neither Dianna Carlson nor her successor redeemed the property. The Knodles also argued that at the time Ms. Jeffrey purchased the subject property in November 1983, a proper *lis pendens* notice of the Federal suit had been recorded by Dianna Carlson which bound Ms. Jeffrey to the outcome of the Federal suit. Since that suit was dismissed with prejudice by Dianna Carlson, Ms. Jeffrey could not reassert a claim or defense in the present action where her predecessor in interest abandoned the claim now sought to be asserted by Ms. Jeffrey.

Ms. Jeffrey argued that the IRS failed to give proper notice of the tax sale to Dianna Carlson, and, therefore, the deed issued to the Knodles as purchasers at the improper tax sale was void. (26 U.S.C. §6335 (1982); *Reece v. Scoggins* (5th Cir. 1975), 506 F.2d 967; *Kelly v. Lunding* (1985), 131 Ill. App. 3d 410, 475 N.E.2d 1093.) The trial court, relying on *Scoggins* and *Lunding*, ruled that since no notice of the tax sale was given to Dianna Carlson, the sale was void and so was the tax deed issued to the Knodles. The trial court quieted title to the subject property in Ms. Jeffrey, clear of any claims of the Knodles.

On appeal, the Knodles contend that since a *lis pendens* notice of the Federal suit had been properly recorded prior to Ms. Jeffrey's purchase of the subject property, she took the property subject to the right of the parties to the litigation, including her predecessor in in-

terest, Dianna Carlson, as finally determined in the pending Federal litigation. Since the Federal suit was dismissed with prejudice by the district court, the Knodles contend that principles underlying *lis pendens* and *res judicata* bar Ms. Jeffrey as a successor in interest to Dianna Carlson from relitigating the validity of the tax sale and deed. Ms. Jeffrey argues that the issues of *res judicata* and *lis pendens* are waived on appeal due to the Knodles' failure to raise these issues in the trial court.

■ The Knodles did not waive the issue of whether the Federal suit filed by Ms. Jeffrey's predecessor in interest precluded Ms. Jeffrey's attempts to gain relief in the State court. The Knodles, as part of their answers to Ms. Jeffrey's counterclaim under the heading of affirmative defense, expressly and plainly pled the specific facts surrounding the prior Federal judgment entered in Dianna Carlson's suit as well as the filing of the *lis pendens* notice. This pleading complied with the requirements of section 2—613(d) of the Code of Civil Procedure concerning the pleading of affirmative defenses. (Ill. Rev. Stat. 1987, ch. 110, par. 2—613(d); *First National Bank v. Village of Mundelein* (1988), 166 Ill. App. 3d 83, 519 N.E.2d 476.) Further, legal arguments addressing effects of the *lis pendens* notice and possible *res judicata* effects of the Federal suit were specifically raised in the Knodles' written arguments filed for the trial court's consideration as well as in the oral arguments made at the hearing before the trial court entered its judgment. The question of whether the prior Federal suit barred Ms. Jeffrey's attempts at relief in the State courts under the doctrine of *res judicata* or *lis pendens* is properly before this court. *First National Bank v. Village of Mundelein* (1988), 166 Ill. App. 3d 83, 519 N.E.2d 476.

■■ Initially, we address an issue of Federal law upon which the trial court was in error. The trial court incorrectly assumed that improper notice to the taxpayer rendered the tax sale and tax deed issued based thereon absolutely void and therefore a nullity. Failure to give proper notice of a tax sale to a delinquent taxpayer of a tax sale under section 6335 of the IRC (26 U.S.C. §6335 (1982)) does not render the tax sale absolutely void but merely voidable at the option of the taxpayer. (*Reece v. Scoggins* (5th Cir. 1975), 506 F.2d 967 (improper notice renders tax sale voidable *ab initio*); *Johnson v. Gartlan* (4th Cir. 1973), 470 F.2d 1104 (taxpayer's action of cashing check issued by IRS representing proceeds of tax sale served to ratify prior actions of IRS and validate IRS tax sale which failed to comply with notice requirements of section 6335); *Ringer v. Basile* (D. Colo. 1986), 645 F. Supp. 1517 (court *may* set aside tax sale where no notice pur-

suant to section 6335 was given); *Bartell v. Riddell* (S.D. Cal. 1962), 202 F. Supp. 70 (failure to give notice under section 6335 gives taxpayer right to avoid sale and such right may be relinquished for valuable consideration).) In her Federal suit, Dianna Carlson, among other relief, was asking the district court to declare the tax sale invalid based upon the IRS's failure to give her notice of the tax sale pursuant to section 6335. The district court did not enter any order which invalidated the IRS's tax sale. The district court preliminarily enjoined the issuance of a tax deed. This injunction ceased to exist upon the parties' stipulated dismissal with prejudice, and a tax deed from the district director of the Internal Revenue Service was issued to the Knodles and recorded. Dianna Carlson's dismissal of the Federal suit with prejudice under Federal Rule of Civil Procedure 41(a)(1)(ii), which suit had sought to assert her right to have the tax sale declared invalid, prior to the entry of a final order or judgment declaring the tax sale invalid, served to validate the IRS's tax sale to the Knodles. (See *Johnson v. Gartlan* (4th Cir. 1973), 470 F.2d 1104; *cf. Bartell v. Riddell* (S.D. Cal. 1962), 202 F. Supp 70.) The issue before this court on appeal is to what extent do the doctrines of *res judicata* and *lis pendens* apply to Ms. Jeffrey's attempts to raise in State court the question of improper notice to her predecessor in interest, Dianna Carlson, where Dianna Carlson raised the same issue in her prior Federal suit which was dismissed with prejudice.

First, we address the effect of Dianna Carlson's recording of a *lis pendens* notice of the Federal suit. The common-law doctrine of *lis pendens* provided that anyone who purchased or otherwise acquired an interest in real property involved in litigation took subject to the outcome of the litigation as if he had been a party to the litigation from the outset. (*Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 427 N.E.2d 1032.) Under the common-law *lis pendens* doctrine as codified in 1917, the mere filing of the complaint served as constructive notice to any subsequent purchaser and bound the purchaser to the outcome of the pending litigation. (*Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 427 N.E.2d 1032.) This rule led to harsh results due to its binding of third-party purchasers without notice, and in 1963, the legislature amended the 1917 *lis pendens* statute to provide that the doctrine did not take effect until notice of a pending suit is filed with the office of the recorder of deeds in the county in which the real estate is located. (*Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 427 N.E.2d 1032.) The doctrine of *lis pendens* as codified serves to: (1) avoid endless litigation of property rights pre-

cipitated by transfers of interests; (2) protect parties to the litigation from persons who acquire an interest in the subject matter of the litigation during the pendency of litigation such as would preclude the court from granting the relief requested; and (3) protect purchasers by giving them notice that the land which they are buying might be affected by a judgment entered in a pending suit by which they could be bound. *Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 427 N.E.2d 1032.

■ ■ The current version of the *lis pendens* statute as well as the one in effect during the pendency of the Federal suit provided that upon filing of a *lis pendens* notice, subsequent purchasers were charged with constructive notice of the underlying proceedings and were bound as if a party to those proceedings, provided service of process is made upon a party defendant within six months of filing the complaint. (*E & E Hauling, Inc. v. County of Du Page* (1979), 77 Ill. App. 3d 1017, 396 N.E.2d 1260; Ill. Rev. Stat. 1987, ch. 110, par. 2—1901.) The propriety of filing a *lis pendens* notice of a Federal suit is a matter controlled by State law. (*Hamilton v. Smith* (10th Cir. 1986), 808 F.2d 36.) The *lis pendens* statute in Illinois provides:

> "This Section authorizes a notice of any of these actions concerning real property pending in any United States district court to be recorded and indexed in the same manner and in the same place as herein provided with respect to notices of such actions pending in courts of this State." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1901.)

Under the Illinois *lis pendens* statute, the properly recorded *lis pendens* notice of the Federal suit involving the subject property filed by Dianna Carlson bound Ms. Jeffrey as a subsequent purchaser to the outcome of Dianna Carlson's Federal suit which sought, among other relief, to set aside the sale due to improper notice. (*O'Laughlin v. City of Chicago* (1976), 65 Ill. 2d 183, 357 N.E.2d 472.) The result of applying the *lis pendens* doctrine, as codified, to Ms. Jeffrey is to treat her as if she were a party to the Federal suit in which Dianna Carlson contested the validity of the tax sale to the Knodles based on a lack of notice. If *res judicata* applies to bar subsequent relitigation or other collateral attacks upon the judgment entered in the Federal suit between Dianna Carlson and the Knodles, the doctrine of *lis pendens* serves to extend the *res judicata* effects of the Federal judgment to the subsequent purchaser, Ms. Jeffrey. See *O'Laughlin v. City of Chicago* (1976), 65 Ill. 2d 183, 357 N.E.2d 472 (purchaser subsequent to City's filing of *lis pendens* notice, who purchased during pendency of appeals from judgment entered in favor of purchaser's

predecessor in interest, is bound by judgment of appellate court entered in favor of City and against purchaser's predecessor in interest, even though purchaser was never made a party to the proceedings).

■ The doctrine of *res judicata* provides that a final judgment on the merits by a court of competent jurisdiction is conclusive on the rights of the parties and their privies and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*In re Marriage of Firestone* (1987), 158 Ill. App. 3d 887, 511 N.E.2d 895.) The doctrine of *res judicata* serves to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and further prevents the unjust burden that would result if a party would be forced continually to relitigate what is essentially the same case. (*In re Marriage of Firestone* (1987), 158 Ill. App. 3d 887, 511 N.E.2d 895.) *Res judicata* should only be applied where fairness and justice require and only to facts and conditions as they existed at the time judgment was entered. *Rotogravure Service, Inc. v. R.W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 395 N.E.2d 1143.

■ The first element of *res judicata* requires us to determine if the district court's dismissal with prejudice by stipulation of the parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) is a final judgment on the merits by a court of competent jurisdiction for purposes of applying the doctrine of *res judicata* in Illinois courts. Initially, we note that the district court has jurisdiction to decide the issues concerning title to the subject property. (*Bartell v. Riddell* (S.D. Cal. 1962), 202 F. Supp. 70 (where property is taken or detained under Federal revenue laws, the district court within whose district the property is located has jurisdiction to decide claims to title and award of the seized property to the rightful owner); 28 U.S.C. §1331 (1982).) In Illinois, a State court order dismissing a suit with prejudice is considered a final judgment on the merits for purposes of applying *res judicata*. (*Pick v. Pick* (1978), 58 Ill. App. 3d 357, 374 N.E.2d 689.) Similarly, in the Federal courts, a dismissal with prejudice entered by stipulation of the parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) is considered a final judgment on the merits for purposes of applying the doctrine of *res judicata* in Federal courts. (*Lawlor v. National Screen Service Corp.* (1955), 349 U.S. 322, 99 L. Ed. 1122, 75 S. Ct. 865; *Astron Industrial Associates, Inc. v. Chrysler Motors Corp.* (5th Cir. 1968), 405 F.2d 958; *Donovan v. United States Postal Service* (D.D.C. 1981), 530 F. Supp. 894).) We see no reason why the district court's dismissal with prejudice should not be considered a final judgment on the merits for purposes of applying the doctrine of

*res judicata* in Illinois courts. Whether or not the stipulation of dismissal with prejudice by Dianna Carlson's attorney was accidental or unintentional, as suggested by Ms. Jeffrey on appeal, is not a fact we will speculate upon, nor is it relevant to a determination of whether the judgment of dismissal operates as a bar to the State court suit. (*Bronstein v. Kalcheim* (1984), 126 Ill. App. 3d 643, 467 N.E.2d 979 (whether dismissal of prior action by trial court was erroneous is not to be considered in determining whether the dismissal, under doctrine of *res judicata*, barred subsequent suit).) The proper recourse would be to attack directly the dismissal order in the district court or by appeal in the Federal courts, not collaterally, in a subsequent State court suit. See *Bronstein v. Kalcheim* (1984), 126 Ill. App. 3d 643, 467 N.E.2d 979.

Next, we address whether the State court suit involves the same cause of action. Where the underlying facts and the relief sought in both actions are substantially the same, the causes of actions are considered the same for purposes of *res judicata*. (*In re Marriage of Firestone* (1987), 158 Ill. App. 3d 887, 511 N.E.2d 895.) The Federal suit involved the factual issue of whether proper notice of the tax sale was given to the delinquent taxpayer, Dianna Carlson, as required under section 6335 of the IRC (26 U.S.C. §6335 (1982)). Dianna Carlson sought to prevent the issuance of a tax deed to the purchasers, the Knodles, and ultimately to have the tax sale declared void due to a lack of proper notice. In the instant suit filed in State court, Ms. Jeffrey also raises as her defense and as the basis of her counterclaim the issue of whether the tax sale and resulting tax deed are void due to the lack of notice to her predecessor in interest, the delinquent taxpayer, Dianna Carlson. Both actions seek to contest the Knodles' interest in the subject property based on the same facts concerning improper notice to the delinquent taxpayer of the tax sale of the taxpayer's property. We find the cause of action involved in the instant suit to be identical to the cause of action asserted against the Knodles in the prior Federal suit filed by Dianna Carlson.

The last requirement before the doctrine of *res judicata* can be applied is that the two suits must involve the same parties or their privies. (*In re Marriage of Firestone* (1987), 158 Ill. App. 3d 887, 511 N.E.2d 895.) In the cause of action filed in State court and now before us on review, the Knodles are the parties who purchased the subject real property at the IRS tax sale, after the IRS seized the subject real property from the delinquent taxpayers, Dianna Carlson and William Hill. Ms. Jeffrey is the party who purchased the subject real property from the delinquent taxpayers. In the prior Federal suit

filed by Dianna Carlson, the Knodles were also the parties who were present as purchasers at the IRS tax sale of the subject real property and whose purchase and interest in the property was contested by Dianna Carlson based on a lack of notice of the IRS tax sale. As to the Federal suit, Ms. Jeffrey may be considered for purposes of applying *res judicata* both a party and in privity with a party to the Federal suit. First, as previously discussed, the doctrine of *lis pendens* binds Ms. Jeffrey to the Federal suit involving the subject real property as if she were a party to the Federal suit from the outset. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1901.) Second, the concept of privity within the doctrine of *res judicata* contemplates a mutual or successive relationship or interest in the same property rights which were the subject matter of the prior litigation. (*Bonanno v. La Salle & Bureau R.R. Co.* (1980), 87 Ill. App. 3d 988, 409 N.E.2d 481.) The requirement of the same parties or their privies arises because the purpose underlying *res judicata* of avoiding repetitious litigation is served when the doctrine is applied to parties or those in privity with parties, who have litigated or had an opportunity to litigate the same matters in a court of competent jurisdiction. (*Sweeting v. Campbell* (1954), 2 Ill. 2d 491, 119 N.E.2d 237 (doctrine of *res judicata* applied to successor in interest not predecessor in interest).) One manner in which privity arises is by purchasing a property which was the subject matter of a prior suit. (*Varley v. Pickens* (1981), 98 Ill. App. 3d 884, 424 N.E.2d 981.) By purchasing the subject property from Dianna Carlson, who was a party to the prior Federal suit, Ms. Jeffrey is in privity with a party to the prior Federal suit for purposes of *res judicata*. All elements of the doctrine of *res judicata* being present, Ms. Jeffrey is precluded from raising in her counterclaim or defense the issue of whether improper notice to Dianna Carlson allows the trial court to invalidate the IRS tax sale and the tax deed issued as a consequence thereof. (*In re Marriage of Firestone* (1987), 158 Ill. App. 3d 887, 511 N.E.2d 895; *cf. In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 442 N.E.2d 216 (Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 747)) (evidences policy favoring incontestability of tax deeds, and tax deed issued as consequence of tax sale was not subject to collateral attack based upon errors in notice of tax sale but only in cases where fraud is proved or the judgment is void may tax deed be attacked collaterally or by a section 2—1401 motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401)).) Finally, the judgment of the Federal court was not void, nor is there any allegation of fraud which would prevent the application of *res judicata* in the instant case. *Cf. Anderson v. Anderson* (1942), 380 Ill. 435, 44 N.E.2d 54; *Hays v.*

*Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 452 N.E.2d 1383 (Federal courts narrowly define void Federal judgments to promote finality of Federal judgments, and Federal court judgment is not void merely because it is erroneous).

Ms. Jeffrey contends that even if the tax deed issued to the Knodles is not void, the warranty deed to Ms. Jeffrey from Dianna Carlson and William Hill was recorded first, and, therefore, Ms. Jeffrey's deed has priority over the Knodles' tax deed. (Ill. Rev. Stat. 1987, ch. 30, par. 29.) There is no merit to Ms. Jeffrey's priority argument. The statute relied upon by Ms. Jeffrey provides:

> "All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and *subsequent purchasers, without notice*; and all such deeds and title papers shall be adjudged void as to all such creditors and *subsequent purchasers, without notice*, until the same shall be filed for record." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 30, par. 29.)

Ms. Jeffrey is not a subsequent purchaser without notice. First, the recordation of the *lis pendens* notice by Dianna Carlson in August 1982 put Ms. Jeffrey on constructive notice that the deed she received in November 1983 from Dianna Carlson might be affected by the pending Federal suit involving the Knodles. Second, the Knodles recorded the certificate of sale on May 20, 1982, issued after they had purchased the subject property at the tax sale which served to put subsequent purchasers, such as Ms. Jeffrey, on notice of their interest in the property. *Glen Ellyn Savings & Loan Association v. State Bank* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267; Ill. Rev. Stat. 1987, ch. 30, par. 29.

The judgment of the circuit court finding the tax deed issued to the Knodles void and quieting title to the subject property in favor of Ms. Jeffrey, free and clear of the claims of the Knodles, is reversed and the cause is remanded to allow further proceedings on count II of the Knodles' complaint seeking recovery of rents.

Reversed and remanded.

UNVERZAGT, P.J., and REINHARD, J., concur.