Bernard Brothers, Inc., Plaintiff-Appellee, v. May H. Deibler and J. B. Deibler, Appellants.

Gen. No. 10,298.

Opinion filed January 10, 1950, and recalled at the February term, 1951. Opinion filed July 12, 1951. Rehearing denied September 13, 1951. Released for publication September 17, 1951.

MARVIN WALLACH and LLOYD C. WHITMAN, both of Chicago, for appellants.

HALL, MEYER & CAREY, of Waukegan, and JOHN TONE KELLY, of Chicago, for appellee.

PER CURIAM.

Defendants, J. B. Deibler and May H. Deibler are appealing from an order of the circuit court of Lake county entered in a proceeding instituted by Bernard Bros., Inc., lessees, for an accounting and an injunction restraining the defendant lessors from enforcing a contested lease.

The appeal presents for our determination the issues of whether the circuit court entered a final appealable order, and whether this order was in accordance with the doctrine of *res judicata* and other canons of law.

In view of the prolonged litigation incident to this lease, this court is constrained to review the chronology of events and legal proceedings.

On June 18, 1940, the parties executed a five-year lease of a showroom and garage, owned in joint tenancy by the defendant lessors, at a rental of $250 a month, payable by the plaintiff lessee, Bernard Bros., Inc. The evidence in this proceeding is controverted as to whether there was an oral agreement *dehors* the lease. Plaintiff asserts, and defendants deny that plaintiff signed the lease as an accommodation to defendant, J. B. Deibler, who was to be a partner in the business enterprise.

Leonard Bernard testified to such an arrangement, and some of his former employees stated that Deibler confided that he was a partner. In support of his denial of any such agreement, defendant, J. B. Deibler, offered in evidence checks for $49.50 marked, "salary less $.50 social security deduction," along with the social security records which bore no *indicia* that the business was a partnership, and the record of the bank account which was solely in the name of Leonard Bernard doing business as Highland Motor Sales.

The evidence is uncontroverted that J. B. Deibler had no power to write checks, or access to the bank account, or the books kept under the direction of Leonard Bernard; that J. B. Deibler at no time received an accounting of assets or profits of the enterprise; that Bernard hired and discharged employees; that Deibler acted as manager for the first few weeks, but was replaced by a succession of managers hired by Bernard; and that Deibler thereafter preformed only the duties of a salesman until August 1941. Deibler maintains that he was discharged at that time. However, Bernard asserts that he left voluntarily.

With reference to May H. Deibler, there is no evidence that she had any knowledge or notice that the lease was affected by any other arrangement than that which appeared on the face of the lease.

In January 1942, plaintiff defaulted on the rent, and vacated the premises, although there is evidence that it then possessed a considerable number of cars to sell. Plaintiff endeavored to cancel the lease by mailing it with the keys of the premises to defendant, who refused to accept cancellation. Some payments of rent were extracted from plaintiff pursuant to confessions of judgment obtained by defendants under the terms of the lease.

Plaintiff, thereafter, moved to vacate the judgment of the municipal court for the June and July rentals, and the court sustained the motion on the ground that performance of the lease contract had been rendered impossible by certain federal restrictions. This decision was reversed by the Appellate Court and remanded with directions to reinstate the judgment. (*Deibler v. Bernard Bros., Inc.,* 319 Ill. App. 504.) On a certificate of importance, the Supreme Court of Illinois affirmed the Appellate Court and held that the lease was an enforceable legal obligation, and was in no way terminated by the federal regulations which

merely rendered the lessee's business more difficult and perhaps less profitable. (385 Ill. 610.)

No issue was raised by the lessee in the Municipal, Appellate or Supreme Courts that this lease was not what it legally purported to be, or that it was signed for the accommodation of the lessor, J. B. Deibler, or modified by any partnership agreement affecting the lessors' rights to the rentals. It was apparently assumed that the lease was a valid contract, and the sole defense interposed by the lessee was the impossibility of performance resulting from the federal regulations.

Pending the Supreme Court decision, the lessee, Bernard Bros., Inc., instituted in 1943, the instant suit in the circuit court of Lake county for an accounting and an injunction restraining the lessors, defendants herein, from proceeding to enforce the lease on the theory that defendant J. B. Deibler was a partner, and that the lease was signed for his accommodation.

The lessors, thereafter, filed special pleas setting forth the Supreme Court decision, and moved to strike the complaint on the grounds that it failed to state a cause of action, that the decision of the Supreme Court determined the rights of the parties, that the claim for an accounting was premature, and that the alleged business association was not a substantial defense.

The circuit court denied defendant lessors' motion to strike, as well as their motion to dissolve the injunction prohibiting the collection of twenty months' rent in arrears and subsequent rents as they accrued, and referred the cause to a master.

The master's report, dated August 21, 1946, more than a year and a half later, found that plaintiff's complaint should be dismissed for want of equity inasmuch as the evidence supported defendants' theory of the cause rather than plaintiff's theory of joint adventure, and that the lessors, rather than the lessee, were properly entitled to an accounting.

The report and objections thereto were not heard by the court until June 26, 1947, and no order was entered until October 28, 1947. The clerk of the court, however, back-dated the order to June 26, 1947, and after objection and argument thereon, it was re-entered at a hearing on November 22, 1947.

Inasmuch as the finality of this order is at issue herein, and since defendants suggest that it was not through inadvertence that it purports to be interlocutory and unappealable, it is incumbent upon this court to closely examine and set forth the substance of the order.

The court found, upon reviewing the master's record, that "by a preponderance of the evidence, there was at the time the lease was entered into, a joint adventure contractual relationship between Leonard Bernard, one of the owners and agent of the plaintiff corporation, and the defendant, J. B. Deibler," and that plaintiff was an accommodation lessee. The court referred the cause again to the same master, and directed that an accounting be taken, that the master receive additional evidence with reference thereto, and render a full report of his conclusions of evidence and law in the entire matter.

The court, however, further directed the master, in stating the account, to find that nothing shall be paid to J. B. Deibler because of the aforementioned joint adventure agreement, and to find that May H. Deibler was entitled only to a one-half share of the rents, against which all sums paid should be credited. The court reserved the matter of allocating attorney fees and costs.

From this order defendants have prosecuted this appeal.

██ ██ Before this court can properly take cognizance of this appeal, it must appear that a final order was entered by the circuit court. (Ill. Rev. Stat. 1947,

ch. 110, par. 201 [Jones Ill. Stats. Ann. 104.077]; *Watson v. Hobson*, 396 Ill. 617.) A final decree is one which disposes of the merits of the case, although incidental matters may be reserved for consideration. (*Eich v. Czervonko*, 330 Ill. 455, 459 and cases cited.)

 The Supreme Court of Illinois has held that a decree is final even though it directs a reference to a master in chancery to state an account (*Groves v. Farmer's State Bank of Woodlawn*, 368 Ill. 35; *Rettig v. Zander*, 364 Ill. 112), or reserves questions as to allowance of interest, payment of fees, costs, and the date therefor (*Rettig v. Zander, supra*), or recites that further questions and directions are reserved until the master's report on the actions of the parties with reference to the execution of a deed (*Eich v. Czervonko, supra*). Nor is the fact that the decree is labeled interlocutory determinative. (*Groves v. Farmer's State Bank, supra*.) The test is whether the decree terminates the litigation on the merits, or whether it retains jurisdiction for future determination of matters of substantial controversy. (*People v. Stony Island State Sav. Bank*, 355 Ill. 401.)

 In the instant case the order of the circuit court, though impliedly interlocutory, unequivocally determined the merits and fundamental issue of the case. It decided that irrespective of the Supreme Court decision holding the lease to be a valid legal obligation, the lessor, J. B. Deibler, had no rights thereunder because of an alleged oral agreement creating a joint adventure. It further determined that May H. Deibler should receive only a half share of the rents, against which any sums previously paid by plaintiff would be credited. Thus, while purporting to direct the master to make a complete report on the entire cause as to the facts and law, the court has determined the essential question of fact and its legal effect, and the master is bound to find and report accordingly. The standard

228

and confines of his report are set forth in the decree, and all prior contrary findings are overruled. The main issue of the litigation, the parties' rights under the lease, is in no way reserved for future determination by either the court or the master.

As hereinbefore noted, the fact that the court directs the master to compute the attorney fees and costs, and, apparently, reserves its judgment as to the disposition of those items, does not render the decree interlocutory. Those items may be properly deemed incidental in this cause. Therefore, according to the test promulgated by the courts for determining final orders, the decree entered by the circuit court herein was appealable, and this court can properly take cognizance of this cause.

██ Moreover, it has been held that where the dismissal of an appeal would impose a great hardship on or denial of justice to the appellant who is prima facie entitled to relief on the merits, the court will refuse to dismiss the appeal even though the judgment appealed from does not completely dispose of the case. (*Loughlin v. United States School Furniture Co.*, 118 Ill. App. 36.)

In the case at bar, where the Supreme Court upheld the validity of the lease some five years ago, and even the court below after a three-year delay conceded that at least one of the lessors was entitled to the rents, it would be inequitable to refer the cause again to a master for further hearings followed by a repetition of the same arguments before the circuit court, and an ultimate appeal to this court presenting the precise issue determined by the order considered herein. Therefore, plaintiff's contention that no appeal will properly lie from the order of the circuit court must fail.

In reviewing the cause on the merits, it is readily apparent that the defense of an accommodation lease and a joint adventure agreement interposed in this

229

proceeding is predicated upon facts and circumstances which allegedly occurred in 1940, at the time the lease was executed, and in 1941 and 1942, all of which were prior to the lessors' original action for accrued rents. Consequently, this defense was available to the lessee in the prior action between the same parties, wherein the validity and enforceability of the lease was considered by the Municipal, Appellate and Supreme Courts.

██ Under the doctrine of *res judicata,* parties are barred from relitigating not only questions actually decided, but also all grounds of recovery and defenses which might have been presented in the prior litigation between the parties. (*Neff v. Smyth,* 111 Ill. 110; *Leitch v. Hine,* 393 Ill. 211.)

 In the prior proceeding, therefore, Bernard Bros., Inc., lessee, was obliged to present or otherwise forfeit any existing defense relieving it from liability for the payment of the rentals under the lease. The lessee, however, apparently preferred to rely solely upon the defense of impossibility of performance of an otherwise valid contract, occasioned by federal regulations limiting the number of new cars available for sale. The Appellate and Supreme Court of Illinois rejected this defense, and the lessee is now endeavoring in this proceeding to relitigate the lease, and present another defense, equally available in the original action, which would, through the delays incident to the judicial process and perhaps even through the ultimate decision, set to naught the determination of the Supreme Court. Such a proceeding must fail, since it is not only contrary to the aforementioned doctrine of *res judicata,* but to judicial policy against considering defenses piecemeal, and, therefore, plaintiff's complaint should properly have been dismissed.

Furthermore, even if the doctrine of *res judicata* did not conclusively dispose of the rights of the parties,

230

and if the lease could be relitigated, the order of the circuit court would, nevertheless, be deemed in error on other grounds.

 ██ From an examination of the voluminous record, it would appear that the lower court has over-ruled the master's findings, and set aside the written lease on the basis of the controverted oral testimony of plaintiff and his former employees. To justify the re-formation of a written instrument there must be clear and convincing evidence of a mutual mistake of fact. (*Silurian Oil Co. v. Neal,* 277 Ill. 45.) It is fundamental that the findings of the master should not be set aside unless they are manifestly against the weight of the evidence.

The master herein found that the evidence tended to support defendants' theory that the lease was what it legally purported to be, and that plaintiff's evidence did not sustain the burden of establishing the existence of a partnership or joint adventure agreement. The report, therefore, concluded that an accounting should be rendered only to the defendant lessors.

The court, however, reweighed the testimony of witnesses who appeared only before the master and found "by a preponderance of the evidence there was at the time the lease in question was entered into a joint adventure contractual relation existing between Leonard Bernard and J. B. Deibler." The court does not define the contract, nor allude to the determinative facts upon which it predicated its conclusion, nor explain why it rejected certain uncontroverted evidence sustaining the master's findings.

The evidence included the $49.50 checks marked salary less social security, the social security records wherein the business was not designated as a partnership, and the bank account in the name only of Leonard Bernard, doing business as Highland Motor Sales, along with the circumstances that Deibler could write

231

no checks, had no access to the bank account or books kept under the sole direction of Bernard, was never given any reports of the assets and profits of the firm, was replaced as manager at Bernard's direction and relegated to the status of a salesman some three weeks after the business commenced, and, according to his contention, was ultimately discharged by Bernard.

██ ██ In the light of our examination of the whole record, it is our opinion that the standards of clear and convincing evidence necessary to modify a written instrument, imposed by the law, were not met herein. Nor can it properly be found that the master's findings were manifestly against the weight of the evidence. Hence, the circuit court erred in overruling those findings, and directing the master to report other specific conclusions.

This case was submitted to us at a previous term of court and an opinion filed in the same. After the opinion was filed, we found that the case had been submitted to us before it was at issue, and numerous orders had been entered in the case. At our February term, 1951, of court we entered an order vacating and setting aside all previous orders in the case, recalled the opinion that was filed, and gave the appellee leave to file briefs. The case was orally argued at our February term and again submitted to us for an opinion. Since then, we have again considered the case and are convinced that the former opinion correctly states the facts and the law applicable thereto.

It is our conclusion, therefore, that this cause should be reversed and remanded with instructions to dissolve the injunction, and to render a prompt computation of the amount of rent properly due defendants under the terms of the lease, with all attorney fees and costs charged to plaintiff.

*Reversed and remanded.*