SECOND DIVISION

December 7, 1999

No. 1-98-3595

PEREGRINE FINANCIAL GROUP, INC., )

)

Plaintiff-Appellant, )

)

) Appeal from the Circuit

) Court of Cook County

STEVE AMBUEHL, CYNTHIA AMBUEHL, )

JAMES FRAGEMAN, DEBRA FRAGEMAN, )

JOHN STAPLES, LARRY ROBERTS, )

PAUL SCOTT, WILLIAM PARKER, JUDY )

HYNEMAN, JAMES HYNEMAN, LEONARD ) 

GRUNTZ, and MARY GRUNTZ, )

)

Defendants-Appellees, )

)

and ) Honorable Ellis Reid,

) Judge Presiding.

NATIONAL FUTURES ASSOCIATION, )

)

Defendant. )

JUSTICE GORDON DELIVERED THE OPINION OF THE COURT:

This is the second appeal from a ruling of the chancery court relative to the issue of whether Peregrine Financial Group, Inc. (Peregrine), the plaintiff, is entitled to an injunction enjoining the individual defendants, who were customers of Peregrine, from proceeding to arbitrate their claims against Peregrine before the National Futures Association (NFA).  Peregrine argued in the earlier appeal, and reargues in the instant appeal, that judgments it obtained against the individual defendants with respect to margin deficits in their respective customer accounts barred the arbitration actions.  This Court, in the prior appeal, 
Peregrine Financial Group, Inc. v. Hyneman
, Nos. 1-97-0712, 1-97-0713, 1-97-0714, 1-97-0715, 1-97-0716, 1-97-

0717, 1-97-0718, 1-97-0793, 1-97-0794, 1-97-2180 (consol.) (1998) (unpublished order under Supreme Court Rule 23), held that the circuit court judge was required to determine, in the first instance, the 
res
 
judicata
 effect of the prior judgments on the pending arbitration actions and remanded the matter to the circuit court for that purpose.  The issue raised in the instant appeal is whether the circuit court erred in refusing to make that determination.  For the reasons discussed below, we reverse the circuit court and, based upon the record before us, find that the defendants' arbitration actions were barred.

BACKGROUND FACTS

On February 23, 1996, Peregrine, a commodity brokerage business, filed verified complaints against the defendants, alleging breach of customer account agreements and fraud.  The complaints alleged that the defendants entered into customer account agreements retaining Peregrine as their agent for the purchase and sale of commodities; that the defendants entered into separate discretionary account agreements authorizing Robert Gruntz as their respective agent for entering orders for the purchase and sale of commodities; that the defendants incurred margin deficits which they failed to meet after proper demand was made; that Peregrine liquidated defendants' accounts; and that deficits remained.  Peregrine sought recovery of the account deficits.  On April 16, 1996, the defendants filed verified answers, pleading general admissions and denials.  After the parties completed discovery, the matter was set for trial for May 28, 1996.  Pursuant to defendants' requests, the trial date was continued; and on June 25, 1996, by agreement of the parties, the matters were given final trial dates of August 20, 21, and 22, 1996.

During the months of May, June, and July of 1996, the defendants filed separate arbitration actions against Peregrine and its agents with the NFA seeking recovery on theories of breach of fiduciary duty, breach of contract, and material misrepresentation.  The defendants alleged in their arbitration actions that they were guaranteed direct floor access, flexible margin policies, "a margin department that worked with each individual customer," and a clearing rate of $11.50 per contract.  They further alleged that Peregrine and its agents constantly and arbitrarily changed margin policies, that they made numerous unauthorized money transfers between accounts, and that the defendants had sufficient monies to meet any margin calls.

On August 14, 1996, one week before trial in the municipal division actions, the defendants sought leave to file amended answers, affirmative defenses and counterclaims, the latter of which alleged breach of contract, misrepresentation and fraud.  In those pleadings, the defendants alleged that they were induced to open trading accounts with Peregrine upon Peregrine's promise that, among other things, there would be no margin calls, that Peregrine had flexible margin policies, and that defendants' positions would not be liquidated.  Defendants were denied leave to amend, and the matter proceeded to consolidated bench trial.

On August 22, 1996, the circuit court, municipal division, entered orders in favor of Peregrine on its contract actions and dismissed its fraud actions.  No court reporter was present at the trial, and no transcript or bystander's report of proceedings was prepared.  On September 20, 1996, the defendants filed motions for reconsideration.  Peregrine then filed motions for permanent injunction, seeking to enjoin defendants' pending NFA arbitrations.

On January 14, 1997, the municipal court denied defendants' motions to reconsider and continued Peregrine's motions for permanent injunction.  On January 17, 1997, the municipal court ruled that it did not have jurisdiction to decide Peregrine's permanent injunction requests.  The court also entered revised orders, 
nunc
 
pro
 
tunc
 as of August 22, 1996, setting forth the following findings of fact:

"b) Defendants [name] entered into a customer account agreement (hereinafter "Agreement") with Peregrine;

 Defendants [name] entered into a discretionary account agreement authorizing Robert Gruntz as their agent;

 at all relevant times, Robert Gruntz was acting as agent solely for defendants [name];

 Defendants [name] account with Peregrine incurred a margin deficit after various orders for sales and purchases in commodity futures and options were executed;

 [Peregrine] did not misrepresent its margin policy;

 pursuant to the Agreement, defendants [name] account was liquidated and Defendants were given proper credit for liquidation of the account and all amounts paid;

 that after liquidation of the account there exist [
sic
] a deficit of [amount];

 all wire transfers between Securities America, Inc. and Peregrine Financial Group, Inc. were authorized[.]"

On January 22, 1997, Peregrine filed its chancery action which is the subject of the instant appeal.  In that action, Peregrine argued that the defendants were collaterally estopped from pursuing their arbitration claims against Peregrine or its agents for wrongful liquidation and for misrepresentation based on the municipal court's findings that Peregrine had a right to liquidate and did not misrepresent its margin policies.  It further argued that the defendants were collaterally estopped from raising allegations relative to the alleged clearing rate guarantee of $11.50 per contract because, in finding that the defendants were given proper credit for liquidation of their accounts, the court necessarily determined that the rates Peregrine charged were those contracted by the parties.  Peregrine further argued that the defendants should be enjoined under principles of 
res
 
judicata
 from litigating matters not raised in the municipal action but which could have been raised.

On June 3, 1997, Peregrine's petition for injunctive relief was denied and dismissed by the chancery judge who found that the determination as to whether the arbitration actions were barred should be made by the arbitrators.  Peregrine appealed and, as discussed above, this Court, on March 31, 1998, reversed the chancery court and remanded the matter to that court to determine the 
res
 
judicata
 and collateral estoppel effect of the municipal judgments upon the NFA arbitration actions.

On 
June 12, 1998, Peregrine filed a "Motion for Reconsideration of Request for Permanent Injunction" in the chancery court.  No response to that request was made by the defendants who contend that, as a matter of practice, no such response was required.
(footnote: 1)  The matter was set for oral argument on June 29, 1998.  On June 30, 1998, the chancery court granted Peregrine's petition for injunction.  The court's order stated that the defendants "are permanently enjoined by virtue of the doctrines of 
res
 
judicata
 and collateral estoppel from re-

litigating, in arbitration proceedings *** the issues finally determined in the [municipal court] final judgments."

On July 24, 1998, the defendants filed a motion for reconsideration of the chancery court's order.  The court granted that motion on September 21, 1998, dissolved Peregrine's injunction and dismissed its petition.  At the hearing granting that relief, the court stated that the customer account agreements created ambiguous procedures by requiring the customers to arbitrate disputes involving commodity futures contracts or commodity options contracts while allowing Peregrine to pursue its claims in a court of law.  Finding that Peregrine drafted the agreements, the court construed the procedural ambiguity in favor of the defendants and held that they had a right to arbitrate their disputes, notwithstanding the municipal court judgments, and that the arbitrators should decide whether to entertain the actions.  With respect to the issues of 
res
 
judicata
 and estoppel by verdict, the court stated:

"As to arbitrability, I'm declaring the matter is at this point arbitratable [
sic
] and the issue of [
sic
] 
that would be an affirmative defense or - in the arbitration as to res judicata or estopple [
sic
] by verdict, and it's up to the arbitrators to determine if that's true based on the arbitration."

DISCUSSION

As discussed above, this Court previously ruled that the court, not the arbitrator, is the appropriate tribunal to determine the 
res
 
judicata
 and collateral estoppel effect of the municipal court judgments upon the pending arbitration proceedings.  
Hyneman
, Nos. 1-97-0712, 1-97-0713, 1-97-0714, 1-

97-0715, 1-97-0716, 1-97-0717, 1-97-0718, 1-97-0793, 1-97-0794, 1-97-2180 (consol.) (unpublished order under Supreme Court Rule 23).  This ruling is the law of the case.  See, 
e.g.
, 
Harris Trust & Savings Bank v. Otis Elevator Co.
, 297 Ill. App. 3d 383, 388, 696 N.E.2d 697, 701 (1998); 
Wade v. City of Chicago Heights
, 295 Ill. App. 3d 873, 880-81, 693 N.E.2d 426, 431 (1998).  The defendants concede this fact but argue that, in accordance with the customer account agreements, they are entitled to have their claims determined by arbitrators even if the arbitration would "undermine" the municipal court's judgments regarding Peregrine's claims.  The defendants made those agreements part of the record before the chancery court after remand; and, as set forth above, it appears from the record that the chancery court agreed with the defendants' argument regarding the language of the agreements, finding that the agreements gave the defendants paramount rights to pursue their arbitration claims.  And, while the defendants may disagree, a fair reading of the court's commentary relative to its ruling suggests that the court delegated to the arbitrators, should Peregrine raise such contentions, questions of whether the arbitration actions are barred under principles of 
res
 
judicata
.

There can be no dispute that, under the customer account agreements, the defendants were entitled to bring arbitration actions before the NFA to pursue their disputes under those agreements.  However, the right to pursue such actions is nevertheless limited by the effect of the 
res
 
judicata
 doctrine.  If the arbitration actions involve issues previously reached, they are barred 
notwithstanding the parties' contractual rights to bring such actions.  
Cf
. 
Horwitz, Schakner & Associates, Inc. v. Schakner
, 252 Ill. App. 3d 879, 625 N.E.2d 670 (1993) (arbitration before one body of arbitrators barred under principles of 
res
 
judicata
 by earlier arbitration before another body of arbitrators).  In fact, as recognized in 
Schakner
, an issue can be beyond the scope of arbitration not only by reason of language in the arbitration agreement but also by reason of a prior adjudication.  
Schakner
, 252 Ill. App. 3d at 883, 625 N.E.2d at 673, citing 
Elliott v. Inter-Insurance Exchange
, 169 Ill. App. 3d 702, 523 N.E.2d 1086 (1988); 
Monmouth Public Schools v. Pullen
, 141 Ill. App. 3d 60, 489 N.E.2d 1100 (1985).  
Schakner
 also stated that the scope of a prior arbitration award and its 
res
 
judicata
 effect "'is properly determinable by the court and not the arbitrators.'"  
Schakner
, 252 Ill. App. 3d at 883, 625 N.E.2d at 673, quoting 
Rembrandt Industries, Inc. v. Hodges International, Inc.
, 38 N.Y.2d 502, 504, 381 N.Y.S.2d 451, 452, 344 N.E.2d 383, 384 (1976).  This court in the prior appeal of the instant case extended 
Schakner
 to prior judgments, finding that such judgments can act as a bar to subsequent arbitration actions that involve the same actions or issues.  
Hyneman
, Nos. 1-97-0712, 1-97-0713, 1-97-0714, 1-97-0715, 1-97-0716, 1-97-0717, 1-97-0718, 1-97-0793, 1-97-0794, 1-97-2180 (consol.) (unpublished order under Supreme Court Rule 23).
  Thus, the chancery court erred when it denied and dismissed Peregrine's petition for injunctive relief on the basis of its finding that, under the customer account agreements, the defendants had rights to pursue their claims before the NFA.  As stated, the defendants' rights to pursue their claims in arbitration were dependent not only on the language of the customer account agreements but also upon the effect of any prior adjudications that involved the same rights and issues.

While remand for further proceedings would be the preferable manner in which to handle the instant matter, Peregrine asks this Court to make the 
res
 
judicata
 finding based upon the record before us.  Supreme Court Rule 366(a)(5) (155
 Ill. 2d R. 366(a)(5)) provides that a reviewing court may, in its discretion, and on such terms as it deems just,

"enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, *** that the case may require."

Appellate courts have proceeded to make 
res
 
judicata
 rulings where "it would be inequitable to refer the cause again to a Master for further hearings, followed by a repetition of the same arguments before the circuit court, and an ultimate appeal to this court presenting the precise issue determined by the order considered herein."  
Bernard Bros. v. Deibler
, 344 Ill. App. 222, 229, 100 N.E.2d 512, 516 (1951).  
Cf.
 
River Park, Inc. v. City of Highland Park
, 184 Ill. 2d 290, 313-17, 703 N.E.2d 883, 894-96 (1998) (where Supreme Court did not remand but reviewed record to determine 
whether causes of action were the same under the transactional test).

The defendants argue that this Court cannot make the 
res
 
judicata
 finding because the record is incomplete.  In support of this contention, they cite to the following language in this Court's Rule 23 order:

"we are unable to determine whether any of the affirmative defenses which defendants sought to raise in their amended pleadings were in fact permitted to be raised as plaintiff contends to have happened at the actual trial."

We disagree.  Defendants take this comment out of context.  This statement occurred in the context of our consideration of defendants' assertion that fundamental fairness required that they be given an opportunity to present their claims to an arbitrator notwithstanding any 
res
 
judicata
 considerations.  They contended that it would be unfair to bar their arbitration claims because they were denied leave to present those claims by way of defense and counterclaim in the municipal court proceedings.  This court rejected that contention, holding the doctrine of 
res
 
judicata
 extended not only to matters actually raised but also to matters that might have been raised.  In so holding, this Court also rejected Peregrine's assertion that the defendants did raise affirmative defenses during proceedings before the municipal court, finding that the record did not show the nature of the affirmative defenses that the defendants sought leave to file.  It was to this argument that the above-quoted comments were directed.  That insufficiency in the record, however, does not prevent a court from determining the 
res
 
judicata
 effect of the municipal court's judgments since, as discussed in our Rule 23 order, the raising of those defenses is not determinative given the fact that the 
res
 
judicata
 bar applies to matters actually raised or matters that could have been raised.  Moreover, as will be discussed in greater detail below, the record before us contains material not in the earlier record that is relevant to the estoppel issue.

The essential elements to the doctrine of 
res
 
judicata
, also known as estoppel by judgment, are: (1) identity of parties or their privies in the two actions; (2) identity of causes of action; and (3) a final judgment on the merits in the earlier action.  
E.g.
, 
River Park
, 182 Ill. 2d at 302, 703 N.E.2d at 889; 
Schakner
, 252 Ill. App. 3d at 884, 625 N.E.2d at 674.  The doctrine of 
res
 
judicata
 prevents a plaintiff from splitting theories of recovery that relate to one transaction.  It also prevents a defendant from asserting claims in a subsequent action if the defendant asserted counterclaims against the plaintiff in the original action and if those counterclaims arose out of the same transaction as the subsequently asserted claims.  
Peregrine Financial Group, Inc. v. Martinez
, 305 Ill. App. 3d 
571, 579-80, 712 N.E.2d 861, 
867 (1999), citing Restatement (Second) of Judgments §23, Comment a, at 194 (1982) ("[a] defendant who interposes a counterclaim is, in substance a plaintiff, as far as the counterclaim is concerned").

Here, there is an identity of parties to the arbitration actions and to the municipal court actions; and final judgments were entered on the merits in the municipal court actions.  There also is an identity of causes of action based upon the defendants' filing of motions to file amended answers and counterclaims.  As discussed in our Rule 23 order, the defendants' counterclaims alleged that Peregrine induced the defendants to open trading accounts and promised, among other things, no margin calls, flexible margin policies, and that their positions would not be liquidated.  
Hyneman
, Nos. 1-97-0712, 1-

97-0713, 1-97-0714, 1-97-0715, 1-97-0716, 1-97-0717, 1-97-0718, 1-97-0793, 1-97-0794, 1-97-2180 (consol.) (unpublished order under Supreme Court Rule 23).  Those claims were identical to the arbitration claims brought by the defendants, a fact the defendants conceded in their motions to reconsider the chancery court's order of June 30, 1998, granting the permanent injunction.  Although the defendants were denied leave to file their defenses and counterclaims, that denial, based upon untimeliness, would not prevent the operation of the 
res
 
judicata
 doctrine.  As this Court noted in its prior Rule 23 order:

"[D]efendants had an opportunity to litigate those defenses and counterclaims but they permitted the time within which to raise them to lapse.  Thus, there is no basis upon which to grant defendants a second 'bite at the apple' by permitting another suit to be filed, even though properly precluded in the earlier suit for lack of timeliness."  
Hyneman
, Nos. 1-97-0712, 1-97-0713, 1-

97-0714, 1-97-0715, 1-97-0716, 1-97-0717, 1-97-0718, 1-

97-0793, 1-97-0794, 1-97-2180 (consol.), slip op. at 19 (unpublished order under Supreme Court Rule 23).

Thus, since the defendants did raise these claims in the municipal court actions, there existed an identity of parties, an identity of causes of action, and final judgments on the merits, the prerequisites for 
res
 
judicata
 or estoppel by judgment.  Restatement (Second) of Judgments §23 (1982) (the rules of bar apply to a defendant who interposes a claim as a counterclaim).

Moreover, even if we were to find the doctrine of 
res
 
judicata
 inapplicable because the defendants were not granted leave to file their counterclaims, those claims would nonetheless be barred under the doctrine of collateral estoppel or estoppel by verdict.  The requirements for application of that doctrine are: (1) identity of issues; (2) assertion of estoppel against a party who was a party or in privity with a party to the prior litigation; (3) final judgment on the merits in the prior adjudication; and (4) actual litigation and determination of the factual issue against which the doctrine is interposed.  
E.g.
, 
Martinez
, 305 Ill. App. 3d 
at 581, 712 N.E.2d at 868; 
Talarico v. Dunlap
, 281 Ill. App. 3d 662, 665, 667 N.E.2d 570, 572 (1996), 
aff'd
, 177 Ill. 2d 185, 685 N.E.2d 325 (1997).  See generally Restatement (Second) of Judgments §27 (1982).

Here, as previously indicated, the parties to the municipal court actions and to the arbitration actions are identical; and final judgments were obtained in the earlier municipal court actions.  Both actions raised the same issues, issues which were clearly adjudicated in the municipal court actions.  See 
Martinez
, 305 Ill. App. 3d at 580, 712 N.E.2d at 868 (suggesting that Peregrine's municipal action to recover account deficits pursuant to customer account agreement raised common issues with defendants/customers' arbitration actions alleging breach of customer account agreement, breach of fiduciary duty and misrepresentation).  The municipal judgments in the first action did adjudicate issues relative to the defendants' claims for breach of fiduciary duty, breach of contract and material misrepresentation and defendants' allegations relative to Peregrine's margin policies and Peregrine's authority to execute the sales and purchases and wire transfers.  As set forth above, that court's revised order entered on January 17, 1997, 
nunc
 
pro
 
tunc
 as of August 22, 1996, specifically found:

1) Defendants' accounts with Peregrine incurred margin deficits after various orders for sales and purchases in commodity futures and options were executed;

 Peregrine did not misrepresent its margin policy;

 Pursuant to the customer account agreements, defendants' accounts were liquidated and defendants were given proper credit for liquidation of the accounts and all amounts paid; and

 All wire transfers between Securities America, Inc. and Peregrine Financial Group, Inc. were authorized.

The municipal court judgments in favor of Peregrine, based upon these findings, could not have been entered unless the court also found that the margin deficits in the customer accounts were properly incurred by Peregrine and that Peregrine had authority to execute the various orders for sales and purchases which created the margin deficits.  These findings, as well as the finding that all wire transfers were authorized, clearly disproved defendants' arbitration claims of wrongful liquidation and breach of contract and their assertions of unauthorized money transfers between accounts.  Similarly, the court's finding that Peregrine did not misrepresent its margin policies disproved defendants' assertions of material misrepresentations relative to those policies.  Finally, the court's monetary award to Peregrine necessarily determined the appropriateness of Peregrine's charges and the amounts it claimed to be due under the customer account agreements.

In making these determinations, we are mindful of our expressed preference in our earlier Rule 23 order to defer to the chancery court the determination of the 
res
 
judicata
 and collateral estoppel effect of the municipal court judgments.  However, in view of the reluctance of the chancery court to implement our mandate in that regard, and in view of the record before us, we find that we now can make that determination without remand.  See, 
e.g.
, 
River Park
, 184 Ill. 2d at 313-17, 703 N.E.2d at 894-96 (where Supreme Court made 
res
 
judicata
 factual determination after adopting transactional test); 
Bernard Bros.
, 344 Ill. App. at 229, 100 N.E.2d at 516 (where appellate court made 
res
 
judicata
 factual determination rather than remand).  The record in the instant appeal contains additional materials such as a representative customer account agreement, the chancery court's initial determination upon remand that the 
res
 
judicata
 doctrine applied, and concessions made by defendants in their motion for reconsideration of that determination.  The defendants argued in that motion that the chancery court "accept[ed] Peregrine's contention that it need only review the January 17, 1997 orders *** in the Municipal Court cases in order to see the breadth and scope of the matters addressed by that court -- and to conclude from that review that there must be nothing left to arbitrate."  In that same motion, the defendants conceded, "And, indeed, the orders 
are
 broad in scope -- seeming to go far beyond the issues framed by the Complaints in the Municipal Court cases."  (Emphasis in original.)  The defendants also conceded in their brief filed in the instant appeal that the January 17, 1997 municipal court orders "neatly contradict Defendants' arbitration complaints on a point-by-point basis."

Finally, we note that, although the chancery court reversed its 
res
 
judicata
 finding, it did so not on a factual basis but on a legal basis.  As discussed above, the court agreed with defendants' argument in their motion for reconsideration that, in accordance with the customer account agreements, the defendants had paramount rights to bring their claims before the NFA.  That conclusion contravenes our mandate and the holding in our prior Rule 23 order that, notwithstanding a party's contractual right to arbitrate, a party cannot arbitrate claims that involve causes of actions or issues that have previously been adjudicated.
(footnote: 2)  Thus, given the chancery court's initial findings relative to estoppel, as well as defendants' concessions, all of which occurred after the earlier appeal, support now exists for entry of an order granting Peregrine's petition for permanent injunction barring the defendants from proceeding with their arbitration claims.

For the foregoing reasons, the July 24, 1998 order of the circuit court of Cook County is reversed.  Pursuant to our powers under Supreme Court Rule 366(a), we enter an order granting Peregrine's petition for injunction.

Reversed; petition granted.

COUSINS, P.J. and McNULTY, J., concur.

FOOTNOTES
1:
The defendants state in their appellees' brief that they did not file a response to Peregrine's motion for reconsideration "because the chancery judge indicated that it was not his practice to entertain written responses to Motions to Reconsider."  They made similar representations to the chancery court in subsequent filings.

2:
Our conclusion is not in conflict with 
Board of Managers of Courtyards at Woodlands Condominium Ass'n v. IKO Chicago, Inc.
, 183 Ill. 2d 66, 697 N.E.2d 727 (1998), a case cited by the defendants.  That case recognized a third-party defendant's contractual right to arbitrate the third-party plaintiff's alleged right to contribution or indemnification.  The court held that the contractual right to arbitrate outweighed any public considerations favoring joinder of claims.  That case is inapposite in that it does not involve or implicate issues of 
res
 
judicata
 or collateral estoppel.  The primary action, the defendant/third-party plaintiff's liability to the plaintiff, would not reach the issue of whether the third-party defendant is liable to the third-party plaintiff for contribution or indemnification.