THIRD DIVISION

August 6, 2003

No. 1-02-3315

SCOTT MANN, )    APPEAL FROM THE

 ) CIRCUIT COURT OF

Plaintiff, ) COOK COUNTY.

)

v. )

)    

FRANK ROWLAND and CAMPANIA MANAGEMENT, )  

) 

Defendants. ) 

--------------------------------------------------------------------- ) 

CAMPANIA MANAGEMENT COMPANY, INC., )    

) 

Third-Party Plaintiff/Counter-Plaintiff/Appellant, )

)

v. )

)

FRANK ROWLAND and ROOKS, PITTS & POUST, )

) HONORABLE

Third-Party Defendants/Counter-Defendants/ ) PETER A. FLYNN,

Appellees. ) JUDGE PRESIDING.

JUSTICE WOLFSON delivered the opinion of the court:

Res
 
Judicata
 is a Latin phrase meaning "a thing adjudicated."  Black's Law Dictionary 1312 (7th
 ed. 1999).  That is what we have in this case.

    Scott Mann filed suit against Campania Management Company, Inc. (Campania), seeking to recover amounts due to him under a settlement agreement to which Campania was a party.  Campania, in turn, brought malpractice claims against Rooks, Pitts & Poust (Rooks Pitts) and Frank Rowland (Rowland), who were responsible for drafting the settlement agreement that exposed Campania to liability.  

Rooks Pitts and Rowland filed section 2-619 motions to dismiss the claims against them, contending the doctrines of 
res
 
judicata
 and collateral estoppel barred the actions and that Campania had ratified the settlement agreement.  The trial court granted the motions to dismiss. 

On appeal, Campania urges us to reverse the decision of the trial court.  Campania contends the doctrines of 
res
 
judicata
 and collateral estoppel do not apply here and it did not ratify the settlement agreement.  Because we find the claims raised by Campania were barred by the doctrine of 
res
 
judicata
, we do not reach the issues of collateral estoppel or whether Campania ratified the settlement.  We affirm the judgment of the trial court.

BACKGROUND

According to the pleadings and exhibits filed in this case, Scott Mann suffered injuries as a result of the condition of a wheelchair sold and maintained by Metropolitan Rehabilitation Services, Inc. (Metropolitan).  Mann filed suit against Metropolitan and the manufacturer of the wheelchair.  
Scott Mann v. Quickie Designs, Inc.
, No. 94 L 13344 (
Mann
).   

Metropolitan was insured by Credit General Insurance Company (CGI).  Campania, the claims manager for CGI, 
retained Rooks Pitts to represent Metropolitan.  Frank Rowland, a partner at Rooks Pitts, handled the case. 

In August 1999, Mann settled with Metropolitan.  Rowland and Rooks Pitts drafted the settlement agreement and included Campania as a party to the settlement.  Mann agreed to release Metropolitan and its insurers, who were undisclosed in the agreement.  In return, Campania would pay Mann $175,000 and purchase an annuity that would provide payments of $50,000 annually for seven consecutive years beginning in 2000. 

Campania made the initial payment of $175,000 and a second payment of $50,000 to Mann.  According to Campania, the money for the payments came from CGI.  

Although the record is not clear as to precisely when, it appears that after these two initial payments were made, CGI filed for bankruptcy.  No further payments were made to Mann, and Campania did not purchase the annuity as required under the agreement.  Campania also failed to pay several invoices issued by Rooks Pitts for its work on 
Mann
. 

I.  THE FEDERAL FEES CASE 

Rooks Pitts filed a suit against Campania in the Circuit Court of Cook County contending Campania owed it attorney fees for work Rooks Pitts had performed in 
Mann
.  This case was removed to the United States District Court for the Northern District of Illinois.   

On January 31, 2001, Campania filed a motion for leave to file a counterclaim.  In the proposed counterclaim, made part of this record by stipulation, Campania raised two counts against Rooks Pitts: one for breach of agency contract and one for negligence.  In the breach of agency count, Campania contended Rooks Pitts exceeded its authority when it drafted the settlement agreement naming Campania as a party, thereby exposing Campania to liability.  In the negligence count, Campania contended Rooks Pitts should have learned that CGI was the real client and should not have named Campania in the settlement agreement.  In its response to this motion, Rooks Pitts contended, among other things, the motion should be denied because Campania could raise these claims in this state court action. 

The district court denied the motion, stating "Defendant's duplicative motion for leave to file a new counterclaim after discovery has closed *** is denied."  The court subsequently entered judgment in favor of Rooks Pitts for fees.  The Seventh Circuit Court of Appeals affirmed this decision, addressing specifically the trial court's decision to deny Campania's motion for leave to file the counterclaim.   
Campania Management Co. v. Rooks Pitts & Poust
, 290 F.3d 843 (7th Cir. 2002).  

II.  THE FEDERAL MALPRACTICE CASE

On June 15, 2000, Campania filed suit against Rooks Pitts and Rowland in the Circuit Court of Cook County, contending the attorneys committed malpractice in the handling of 
Mann
 by, among other things, failing to have the products claim dismissed, failing to file an indemnity claim against the manufacturer, and failing to prepare for the possibility that the manufacturer would settle with Mann.  Campania alleged it ultimately had to pay $500,000 to settle 
Mann
 where, "but for the attorney defendants' negligence, it should have paid nothing."  This case was also removed to the United States District Court for the Northern District of Illinois.

Campania filed a motion to voluntarily dismiss the federal court suit without prejudice.  The court's January 31, 2001, order stated, "Plaintiff's motion to voluntarily dismiss *** is granted in part.  This case is dismissed 
with prejudice
 as to the named defendants."  (Emphasis added.)  Campania tried, unsuccessfully, to have the district court either modify its order to grant dismissal without prejudice or, in the alternative, reinstate the case.  

III.  THE PRESENT CASE

On January 24, 2001, Mann filed this suit in the Circuit Court of Cook County against Rowland and Campania to recover the remaining payments due under the settlement agreement.  According to Mann's complaint, Campania and Rowland were responsible for the unpaid portion of the settlement agreement. 

In March, Campania filed a counterclaim against Rowland and a third-party complaint against Rooks Pitts.  In each, Campania brought three identical counts.  In Count I, a breach of agency contract claim, Campania contended Rowland and Rooks Pitts exceeded the authority given to them when they added Campania as a party to the settlement agreement.  Count II alleged Rowland and Rooks Pitts were negligent for adding Campania instead of the real client, CGI, to the settlement agreement.  These two counts were the same as the claims raised in Campania's proposed counterclaim in the federal fees case.  Count III alleged Rooks Pitts and Rowland were negligent in various other aspects of the defense of Metropolitan in 
Mann
, including failure to have the products case against Metropolitan dismissed, failure to file an indemnity claim against the manufacturer, and failure to prepare for the possibility that the manufacturer would settle with Mann.  According to Campania, but for this negligence it would not have had to pay $500,000 to Mann.  Count III is nearly identical to the claim raised by Campania in the federal malpractice action.

In April 2001, Rowland and Rooks Pitts filed 2-619 motions to dismiss Campania's claims against them contained in the counterclaim and the third party complaint.  The trial court granted the motions.
(footnote: 1)
DECISION

We review 
de
 
novo
 a trial court's dismissal of an action under section 2-619 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-619 (West 2002).  
Nowak v. St. Rita High School
, 197 Ill. 2d 381, 389, 757 N.E.2d 471 (2001).  

I.  JUDICIAL ESTOPPEL

Initially, Campania contends Rooks Pitts should be barred from raising the doctrine of 
res
 
judicata
 in this case because the firm argued to the contrary in the federal fees case
.  Specifically, Campania says that in its response to Campania's motion for leave to file the counterclaims, Rooks Pitts made the following statements:

"There is no need to complicate these proceedings with a claim that more logically should, and will be, litigated in another case.

***

The discovery Campania wants on its proposed counterclaims can be done just as well in the state court proceeding."  

We disagree with Campania.

The doctrine of judicial estoppel prevents a party from asserting inconsistent positions in separate proceedings to receive favorable judgments in each.  
Ceres Terminals, Inc. v. Chicago City Land & Trust Co.
, 259 Ill. App. 3d 836, 850, 635 N.E.2d 485 (1994).  In 
Ceres Terminal, Inc.
, we noted Illinois courts have generally recognized the following five elements as necessary to the application of judicial estoppel:  

"(1) the two positions must be taken by the same party; (2) the positions must be taken in judicial proceedings; (3) the positions must be given under oath; (4) the party must have successfully maintained the first position, and received some benefit thereby; and (5) the two positions must be 'totally inconsistent.'"  
Ceres Terminals, Inc.
, 259 Ill. App. 3d at 851 (internal quotations omitted).  

Here, nothing in the record shows Rooks Pitts received any benefit from the statements it made in its response.  The language employed by the district court in its order suggests the motion was denied because it was filed after discovery had closed.  Nothing in the court's order suggested its decision was based on Rooks Pitts' assertions.  Because Campania cannot show all the elements listed in 
Ceres Terminals, Inc.
, Rooks Pitts is not barred from raising the doctrine of 
res
 
judicata
 here.  
  

II.  
RES
 
JUDICATA

"[A] final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action" under the doctrine of 
res 
 
judicata
.  
River Park, Inc. v. City of Highland Park
, 184 Ill. 2d 290, 302, 703 N.E.2d 883 (1998).  
Res
 
judicata
 promotes judicial economy by requiring parties to litigate in one case all claims arising out of the same group of operative facts.  
Nowak
, 197 Ill. 2d at 393.  The doctrine applies to not only what was decided in the first actions, but also "those matters that could have been decided in that suit."  
River Park, Inc.
, 184 Ill. 2d at 302.

The following requirements must be met for the doctrine of 
res
 
judicata
 to apply: (1) a court of competent jurisdiction rendered a final judgment on the merits; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies.  
Nowak
, 197 Ill. 2d at 390; 
River Park, Inc.
, 184 Ill. 2d at 302.  

Here, the parties do not dispute the existence of identity of parties in the various suits at issue.  We limit our discussion to the remaining two elements. 

A.  Final Judgment on the Merits

The first question we must address is whether there was a final adjudication on the merits in the federal court.  According to Rooks Pitts and Rowland, there were two final adjudications on the merits that bar Campania's claims.  First, they say, the district court's dismissal of the federal malpractice case with prejudice satisfies this prerequisite.  Second, the district court's refusal to allow Campania to file a counterclaim in the federal fees case coupled with the district court's ultimate ruling in favor of Rooks Pitts served as a final adjudication on the merits.  We conclude both the dismissal of the federal malpractice case with prejudice and the judgment in the federal fees case served as adjudications on the merits.

1.  The Federal Malpractice Case

Rowland and Rooks Pitts contend that despite the fact the court's order was in response to Campania's motion to voluntarily dismiss the action, the court's order dismissing the case with prejudice was, in effect, an involuntary dismissal.  This, they say, renders the dismissal a final adjudication on the merits under Illinois Supreme Court Rule 273.  
134 Ill. 2d R. 273; 
see also 
DeLuna v. Treister
, 185 Ill. 2d 565, 708 N.E.2d 340 (1999)
.

Illinois Supreme Court Rule 273 states:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication on the merits."  134 Ill. 2d R. 273.  

The court in 
DeLuna v. Treister
 explained that under this rule, the inclusion of "with prejudice" in an order dismissing a case is not dispositive of whether the dismissal is an adjudication on the merits for purposes of applying the doctrine of 
res
 
judicata
.  
DeLuna
, 185 Ill. 2d at 576.  Rather, the rule "is triggered by an involuntary dismissal for a reason other than those specifically excepted."  
DeLuna
, 185 Ill. 2d at 576.  

Rule 273 and 
DeLuna
 provide no guidance in this instance.  The federal malpractice case was not involuntarily dismissed.  The case was dismissed with prejudice pursuant to Campania's motion to voluntarily dismiss the case.  
Knodle v. Jeffrey
, 189 Ill. App. 3d 877, 545 N.E.2d 1017 (1989), is instructive here.

In 
Knodle
, one of the issues before the court was whether a voluntary dismissal in a separate federal action served to bar the action before it under the doctrine of 
res
 
judicata
.  In the federal action, the parties stipulated to the voluntary dismissal of the case with prejudice.  The party that sought to avoid the application of 
res
 
judicata
 suggested the stipulation for voluntary dismissal with prejudice was agreed to in error.  

The court said the voluntary dismissal with prejudice should be treated as a final judgment on the merits for purposes of applying the doctrine of 
res
 
judicata
.  
Knodle
, 189 Ill. App. 3d at 885-86.  With respect to the party's contention the stipulation to the voluntary dismissal with prejudice was made in error, the court said it was irrelevant to a determination of whether the judgment of dismissal operated as a bar to the state action.  
Knodle
, 189 Ill. App. 3d at 886.  The court said the proper recourse for such a contention would have been a direct attack on the dismissal order in the district court or by appeal in the federal court, "not [a collateral attack], in a subsequent State court suit."  
Knodle
, 189 Ill. App. 3d at 886. 

Knodle
's analysis was based in part on the principle that a State court order dismissing a suit with prejudice is considered a final judgment on the merits for purposes of applying 
res
 
judicata
.  
Knodle
, 189 Ill. App. 3d at 885.  Although, as evidenced in Rule 273 and noted in 
DeLuna
, this general principle no longer applies to involuntary dismissals, we have found no law, nor has Campania cited any, rendering this principle inapplicable to voluntary dismissals with prejudice.  We follow 
Knodle
 in this case.  

Campania filed a motion in the district court to voluntarily dismiss its malpractice case without prejudice.  The court granted the motion, but with prejudice.  That dismissal with prejudice is an adjudication on the merits for purposes of the application of the doctrine of 
res
 
judicata
.  That the district court did not provide precisely the relief Campania sought in its motion is an issue Campania more properly should have addressed in the federal court of appeals.  

2.  The Federal Fees Case

Rooks Pitts and Rowland also contend the district court's judgment in the federal fees case coupled with the denial of Campania's motion for leave to file the counterclaims served as a final adjudication on the merits. Rooks Pitts and Rowland rely on 
Peregrine Financial Group, Inc. v. Ambuehl
, 309 Ill. App. 3d 101, 722 N.E.2d 723 (1999). 
Campania does not directly address this contention.  

In 
Peregrine Financial Group, Inc.
, the plaintiff, a commodities broker, filed a previous case against defendants alleging breach of agreements and fraud.  One week before the trial, the defendants sought leave to, among other things, file counterclaims against the plaintiff alleging breach of contract, misrepresentation and fraud.  The trial court denied the motion because of untimeliness.  The case proceeded to trial, and the court entered judgment in favor of the plaintiff on the contract actions.  In the meantime, the defendants had initiated arbitration raising claims identical to those in the proposed counterclaim.   

The plaintiff brought this suit in the chancery court, contending the defendants should be barred by the doctrine of 
res
 
judicata
 from relitigating in the arbitration action those matters that could have been raised in the original action.  The chancery court ultimately concluded the defendants were barred by 
res
 
judicata
 and collateral estoppel from relitigating those issues determined in the original action.  

On appeal, we were required to determine whether, among other things, 
res
 
judicata
 barred the actions brought by the defendants in arbitration.  The final judgment on the merits, we concluded, was the trial court's judgment in the plaintiff's original suit.  
Peregrine Financial Group, Inc.
, 309 Ill. App. 3d at 109.  We did not consider the denial of the motion for leave to file the counterclaim in determining whether an adjudication on the merits existed.  Rather, we considered the counterclaims in discussing whether identity of cause of action existed.  
Peregrine Financial Group, Inc.
, 309 Ill. App. 3d at 109.

Here, the final adjudication on the merits was the district court's final judgment in the fees case.  As in 
Peregrine Financial Group, Inc.
, we reserve our discussion of the counterclaims until we address the identity of causes of action between the claims filed here and those raised in the counterclaims.   

B.  Identity of Causes of Action

In 
River Park, Inc.
, the Supreme Court adopted the "transactional" test for determining whether causes of action are the same for purposes of 
res
 
judicata
.  
River Park, Inc.
, 184 Ill. 2d at 310.  Under this approach, "the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give[s] rise to the assertion of relief."  
River Park, Inc.
, 184 Ill. 2d at 307.  In further defining the transactional test, the Supreme Court quoted section 24 of the Restatement (Second) of Judgments:

" '(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ***, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  
River Park, Inc.
, 184 Ill. 2d at 311-12, quoting Restatement (Second) of Judgments § 24, at 196 (1982).  

Here, all three counts pled by Campania were pled in the federal actions and, in any case, arise from the same group of operative facts that gave rise to the federal actions.

Count III of Campania's claims against Rooks Pitts and Rowland is nearly identical to the complaint Campania filed in the federal malpractice claim.  In both, Campania contended the firm's representation of Metropolitan was deficient.  Had the firm focused its efforts on the liability of the manufacturer defendant or sought indemnity, Campania would not have had to enter into the settlement agreement and become responsible for the amount due to Mann under the agreement.  Thus, identity of cause of action clearly exists between Count III in this case and the claim brought by Campania in the federal malpractice case.  

Counts I and II also are nearly identical to the two counterclaims Campania attempted to file in the federal fees case.  
Peregrine Financial Group, Inc.
 is instructive here.  There, the claims the defendants attempted to raise in the arbitration were identical to the claims they attempted to raise in the counterclaims in the previous action.  They were denied leave to file the counterclaims in the initial action based on untimeliness.  

We said the denial "would not prevent the operation of 
res
 
judicata
 doctrine."  
Peregrine Financial Group, Inc.
, 309 Ill. App. 3d at 109.  " '[D]efendants had an opportunity to litigate those defenses and counterclaims but they permitted the time within which to raise them to lapse.  Thus, there is no basis upon which to grant defendants a second 'bite at the apple' by permitting another suit to be filed, even though properly precluded in the earlier suit for lack of timeliness.' " 
Peregrine Financial Group, Inc.
, 309 Ill. App. 3d at 109, quoting 
Peregrine Financial Group, Inc. v. Hyneman
, Nos. 1-97-0712, 1-97-0713, 1-97-0714, 1-97-0715, 1-97-0716, 1-97-0717, 1-97-0718, 1-97-0793, 1-97-0794, 1-97-2180 (cons.) (1998) (unpublished order under Supreme Court Rule 23).  Because the defendants had raised in their counterclaims the same claims they sought to raise in the arbitration, 
res
 
judicata
 served to bar the arbitration claims.  

Here, Campania raised the identical claims it sought to pursue in Counts I and II in its proposed counterclaim in the federal fees case.  Campania was denied leave to file the counterclaims on the basis of untimeliness.  As we noted in 
Peregrine Financial Group, Inc.
, the denial based on untimeliness did not prevent the application of 
res
 
judicata
.  Ultimately, Campania did raise these same causes of action in the federal fees case but not until after the discovery deadline in the case had closed.  Its failure to abide by the time requirements of the district court does not entitle it to a "second bite at the apple" in this court.  See 
Peregrine Financial Group, Inc.
, 309 Ill. App. 3d at 109
. 

Campania contends its attempt to file the counterclaims was not untimely because the counts in the counterclaims had accrued only days before the motion was filed, that is, when Mann filed suit against Campania to recover the remainder of the settlement amount.  Rooks Pitts and Rowland contend the action accrued when the parties entered into the settlement agreement.  Both parties cite 
Lucey v. Law Offices of Pretzel & Stouffer, Chartered
, 301 Ill. App. 3d 349, 703 N.E.2d 473 (1998).

In 
Lucey
, we noted the elements of a legal malpractice claim are: "(1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that 'but for' the attorney's negligence, the plaintiff would have prevailed in the underlying action; and (4) actual damages."  
Lucey
, 301 Ill. App. 3d at 353.  If only a possibility of harm exists or damages are otherwise speculative, actual damages are absent and no cause of action exists.  
Lucey
, 309 Ill. App. 3d at 353.  That is, the cause of action does not accrue until "a plaintiff discovers, or within a reasonable time should discover, his injury and incurs damages directly attributable to counsel's neglect."  
Lucey
, 309 Ill. App. 3d at 353.  

In the present case, the alleged malpractice became evident with the settlement agreement, which Campania admits seeing in November 1999.  At that time, under the terms of the agreement, Campania was responsible for the full amount of the settlement.  

Campania suffered actual pecuniary damages when it made the first payment to Mann in December 1999.  The fact that Campania initially was able to recover or obtain from CGI the money paid to Mann is not particularly relevant to the question of when Campania first suffered damages caused by the alleged defect in the settlement agreement.  Thus, Counts I and II accrued, at the latest, when Campania issued the first check to Mann.  

The Seventh Circuit agrees with our conclusion:

"***Campania could have sought recovery from Rooks as early as September 1999, when Campania signed the settlement agreement that Rooks had prepared.  Its two-year delay in bringing suit is unexplained in this record to our satisfaction."  
Campania Management Co.
, 290 F.3d at 851.  

Campania also contends the denial of the counterclaims should not serve as a bar to this action because Campania was not required to bring the counterclaims under Federal Rule of Civil Procedure 13(a), which governs compulsory counterclaims in federal court.  Campania cites 
Carey v. Neal, Cortina & Assoc.
, 216 Ill. App. 3d 51, 576 N.E.2d 220 (1991).

In 
Carey
, the issue was whether the parties' failure to pursue a counterclaim in the initial action, absent any statute or rule on compulsory counterclaims, served as a bar to that claim in a subsequent litigation.  We ultimately determined it did not.  See also 
Peregrine Financial Group
, 305 Ill. app. 3d 571, 579 (1999) (if a party does not interpose counterclaims in the earlier action, and was not required to do so, there is no bar to raising them in a subsequent action).  
Carey
 has no bearing on this case.  Here, whether or not Campania was compelled to bring the counterclaims in the federal fees action under the FRCP 13(a) is irrelevant because Campania did attempt to file counterclaims.  In any case, that a counterclaim is not compulsory does not preclude the application of 
res
 
judicata
.  
Cabrera v. First National Bank of Wheaton
, 324 Ill. App. 3d 85, 94, 753 N.E.2d 1138 (2001).   

Even if the denial of the counterclaims in the fees case did not serve as the basis for the application of the doctrine of 
res
 
judicata
, there still exists identity of cause of action between the federal malpractice case and Counts I and II because they arose from the same group of operative facts.  In the malpractice case, Campania called into question Rooks Pitts' and Rowland's representation during 
Mann
.  The complaint did not attack explicitly the settlement agreement.

Campania contends the representation during the lawsuit is distinct from the drafting of the settlement agreement.  We disagree.  We find 
Cload v. West
, 328 Ill. App. 3d 946, 767 N.E.2d 486 (2002) instructive here.

In 
Cload
, the plaintiff filed a previous suit against defendants for medical malpractice based on several alleged errors that occurred both before and during her birth.  After these claims were dismissed, the plaintiff filed new claims, including claims based on treatment that occurred after her birth.  The issue before the court was whether identity of cause of action existed.

In addressing the issue and relying on 
River Park, Inc.
, the court noted that identity exists "regardless of whether the claims assert different theories of relief or are based on evidence that does not substantially overlap, as long as they arise from the same transaction."  
Cload
, 328 Ill. App. 3d at 950.  The court concluded labor, delivery, and postpartum treatment constituted a single transaction.  The court relied on the fact that the event shared a close temporal and spatial proximity and origin and constituted a convenient trial unit.  The court also considered that the treatment of the event as a unit conforms to business understanding or usage.  
Cload
, 328 Ill. App. 3d at 952.  

Although the factors of temporal and spatial proximity are not easily applied in this case because of the general nature of legal representation in a civil lawsuit, the remaining factors considered in 
Cload
 support a finding that the settlement agreement was part of the same transaction that gave rise to the federal fees case.  The origin and motivation of the settlement agreement are the same as the origin and motivation for the remainder of Rooks Pitts' representation of Metropolitan -- the filing of Mann's personal injury suit.  
The treatment as a unit of all the firm's acts in the representation of Metropolitan in the single suit is not contrary to business custom and would constitute a convenient trial unit.  Thus, the settlement agreement arose from the same group of operative facts that gave rise to the federal malpractice suit.  

Finally, Campania urges this court to allow it to pursue its claims against Rooks Pitts and Rowland because it has never been given the opportunity to litigate those claims.  Campania cites 
People v. Somerville
, 42 Ill. 2d 1, 245 N.E.2d 461 (1969) in support.  In 
Somerville
, the Supreme Court acknowledged the doctrine of 
res
 
judicata
 should be relaxed where fundamental fairness so requires.  
Somerville
, 42 Ill. 2d at 4-5.  The context in which the principle was discussed was a criminal case where the defendant contended he was denied his constitutionally-protected rights.  Here, we have neither a criminal case nor claims that implicate constitutionally-protected rights. 

Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 665 N.E.2d 1199 (1996) is more helpful here.  In that case, the Supreme Court listed the circumstances under which the doctrine of 
res
 
judicata
 should be relaxed in the context of a civil case:

"(1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason."  
Rein
, 172 Ill. 2d at 341. 

None of the circumstances listed in 
Rein
 is present here.  In this instance, Campania had the opportunity to litigate these claims in the federal malpractice suit and the federal fees case.  Campania sought to voluntarily dismiss the malpractice suit and did not initiate in a timely fashion its claims in the fees suit.  Under these circumstances, we see no reason not to apply the doctrine of 
res
 
judicata
.     

Because all three requirements for the application of 
res
 
judicata
 have been met here, the doctrine applies to bar each of the counts Campania raises against Rowland and Rooks Pitts.  The trial court did not err in dismissing these claims.      

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.  

Affirmed.  

SOUTH, P.J., and HALL, J., concur.

 

 

FOOTNOTES
1:
Shortly after filing its initial counterclaim and third party complaint, Campania amended both of these pleadings.  The amendments are not relevant here.  On Rowland's and Rooks Pitts' section 2-615 motions, the trial court dismissed the amended counterclaim and amended third party complaint without prejudice, allowing Campania leave to file amended pleadings.  Campania filed a second amended third-party complaint against Rooks Pitts, but never filed a second amended counterclaim against Rowland.  On September 25, 2002, the trial court granted the 2-619 motion to dismiss the second amended third-party complaint.  Realizing the counterclaim had not been resolved, Rowland filed a motion to dismiss the amended counterclaim with prejudice.  The court granted the motion on October 16, 2002, 
nunc
 
pro
 
tunc
 to September 25.